**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco AGUILAR–MUNIZ, Defendant–Appellant.**

**No. 96–10501.**

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 1998. *

Decided Sept. 17, 1998.

Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

---

* The panel unanimously agrees that this case is suitable for disposition without oral argument.

Kent V. Anderson, West Sacramento, CA, for defendant-appellant.

Elena J. Duarte, Assistant United States Attorney, Sacramento, CA, for plaintiff-appellee.

Before: NOONAN and THOMAS, Circuit Judges, PREGERSON,** District Judge.

PREGERSON, District Judge:

Appointed counsel for Francisco Aguilar–Muniz has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no meritorious issues for appeal and requesting leave to withdraw as counsel. Although notified of his right to respond to counsel's motion to withdraw, appellant has failed to respond. After consideration of the issues identified by counsel, and after an independent review of the record, we grant the motion to withdraw and affirm the decision below.

On November 9, 1995, Francisco Aguilar–Muniz ("Aguilar–Muniz") was indicted along

** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

with four co-defendants for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On June 4, 1996, Aguilar–Muniz waived indictment and pleaded guilty to a superseding information charging conspiracy to manufacture methamphetamine.

On June 27, 1996, the government moved to be relieved of its obligations under Aguilar–Muniz's plea agreement on the grounds that Aguilar–Muniz had not testified truthfully at the trial of co-defendant Jose Luis Buenrostro.

On August 15, 1996, Aguilar–Muniz waived his right to a hearing on the government's motion to withdraw the previous plea agreement, and pleaded guilty to a new superseding indictment charging possession of pseudoephedrine with knowledge that it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(2) and use of a telephone to facilitate conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 843(b).

Aguilar–Muniz was sentenced on October 30, 1996 to the statutory maximum of fourteen years imprisonment.

Aguilar–Muniz timely noticed this appeal on November 5, 1996. Attorney Kent Verne Anderson was appointed counsel on November 6, 1996. Anderson now moves to withdraw, and files a brief pursuant to *Anders*, asserting that there are no non-frivolous issues for appeal. As required by *Anders*, counsel has filed a brief identifying possible issues for appeal.

As part of the plea agreement, Aguilar–Muniz had waived the right to appeal his conviction. Counsel has identified two possible issues regarding the waiver of appeal: (1) Did the district court comply with Rule 11 of the Federal Rules of Criminal Procedure in taking the defendant's plea? (2) Did the district court mislead Aguilar–Muniz to believe that he had not waived the right to appeal?

■ The validity of a waiver of the right to appeal is reviewed de novo. *See United States v. Petty,* 80 F.3d 1384, 1386 (9th Cir. 1996); *United States v. Buchanan,* 59 F.3d

914, 916 (9th Cir.1995); *United States v. Robertson,* 52 F.3d 789, 791 (9th Cir.1994).

Rule 11 of the Federal Rules of Criminal Procedure requires that before accepting a plea of guilty, the court must address the defendant personally in open court to inform the defendant of and determine that the defendant understands the nature of the charges, any mandatory minimum or maximum penalty, the availability of parole or supervised release, the applicability of Sentencing Guidelines, and the available departures therefrom. *See* Fed.R.Crim.P. 11(c). In addition, the court must inform the defendant of the rights to plead not guilty, to be tried before a jury, to be represented by counsel, to confront and cross-examine witnesses, and against compelled self-incrimination. *See* Fed.R.Crim.P. 11(c)(3). The court must determine whether the plea is voluntary, and whether it is supported by a factual basis. Fed.R.Crim.P. 11(d), (f).

In *United States v. DeSantiago–Martinez,* 38 F.3d 394 (9th Cir.1992), we held that "a Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." *Id.* at 395. Any failure of the trial court to address waiver of appeal during the Rule 11 colloquy does not, by itself, invalidate the waiver.

■ The adequacy of a Rule 11 plea hearing is reviewed de novo. *See United States v. Alber,* 56 F.3d 1106, 1109 (9th Cir.1995). Whether the trial court's colloquy with the defendant satisfies the requirements of Rule 11 is also reviewed de novo. *See United States v. Smith,* 60 F.3d 595, 597 n. 1 (9th Cir.1995). Technical failure to comply with Rule 11 is not reversible error unless it affects the defendant's substantial rights. *See* Fed.R.Crim.P. 11(h).

The record demonstrates that the district court complied with Rule 11 in accepting Aguilar–Muniz's plea. The court advised Aguilar–Muniz of the elements of both charges against him. As to the charge of using a telephone to facilitate a conspiracy to manufacture drugs, the court advised Aguilar–Muniz of the definition of a conspiracy. *Cf. United States v. Bruce,* 976 F.2d 552,

559–60 (9th Cir.1992) (holding that cursory recitation of conspiracy charge without definition of the legal term is insufficient). The court informed Aguilar–Muniz of the maximum penalty for both counts, and of the possible collateral consequence of deportation. The court also advised Aguilar–Muniz that his exact sentence could not be determined under the Sentencing Guidelines until a pre-sentence report had been prepared. The court advised Aguilar–Muniz of his rights to plead not guilty, to a jury trial, to assistance of counsel, to confront witnesses, and to testify or decline to testify.

The court determined that there was a factual basis for the plea. The trial court elicited Aguilar–Muniz's agreement to the details of the conduct underlying the charges. In addition, the trial court relied upon its recollection of the testimony at the Buenrostro trial.

The district court also determined that Aguilar–Muniz's plea was knowing and voluntary and that he understood the concept of waiver. Although Aguilar–Muniz did not initially seem to understand the concept of waiver, the district court took pains to repeat its explanation and to direct defense counsel to explain the term to Aguilar–Muniz. Based on the defendant's responses after this extended colloquy, the district court found that the defendant's waiver was knowing and voluntary. In reviewing the record de novo, we find no error in the district court's determination.

▮ Counsel notes that the district court may have undermined the knowing and voluntary nature of the appeal waiver when the court informed Aguilar–Muniz of his statutory right to appeal. If the trial court advises the defendant during sentencing that he may appeal the sentencing findings, the court's oral pronouncement defeats a written appeal waiver. *See Buchanan*, 59 F.3d at 917–18. Here, however, the district court merely advised Aguilar–Muniz that he had a statutory right to appeal, as required by Rule 32(c)(5) of the Federal Rules of Criminal Procedure. As part of the same statement, however, the district court advised Aguilar–Muniz that his plea agreement waived this right:

You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. However, a defendant may waive those rights as part of the plea agreement, and you have entered into a plea agreement which waives some or all of your rights to appeal.

Such waivers are generally enforceable. But if you believe the waiver is unenforceable, you can present that theory to the appellate court.

The court's statement here is not similar to the court's unambiguous statement in *Buchanan* that the defendant had a right to appeal and should file any appeal within ten days. *See Buchanan*, 59 F.3d at 917.

We distinguished *Buchanan* in *United States v. Schuman*, 127 F.3d 815 (9th Cir. 1997). There, the district court advised the defendant of the existence of a statutory right to appeal, and that his agreement may have waived all or some of the right. *See id.* at 817. We held that such a statement does not affect the appeal waiver contained in the written plea agreement. *See id.*

Here, as in *Schuman*, the trial court did not advise the appellant that he had a right to appeal under his plea agreement, but rather that his plea agreement may have waived some or all of his statutory right to appeal. The district court's statement does not invalidate the waiver of appeal.

The final issue noted by counsel in the *Anders* brief is the disproportionate severity of Aguilar–Muniz's sentence. Counsel notes that the sentence presents a possible Eighth Amendment violation because of Aguilar–Muniz's relatively minor role in the conspiracy.

▮ The district court sentenced Aguilar–Muniz to the statutory maximum of fourteen years. The Sentencing Guidelines range was seventeen and one half years to twenty-two years. The Sentencing Guidelines offense level was based on the amount of methamphetamine that could have been manufactured from the eleven boxes of pseudoephedrine that Aguilar–Muniz was convicted of possessing, adjusted upward for obstruction of justice and downward for acceptance of

responsibility and timely notification of intent to plead guilty.

■ Even if Aguilar–Muniz had not waived appeal of his sentence, an appeal based on the Eighth Amendment would fail. Outside of the death penalty context, the Eighth Amendment is offended only by sentences that are "grossly disproportionate" to the crime. *See Harmelin v. Michigan,* 501 U.S. 957, 959, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Bland,* 961 F.2d 123, 129 (9th Cir.1992). Longer sentences based on similar drug violations have been held not to violate the Eighth Amendment. *See United States v. Van Winrow,* 951 F.2d 1069, 1071 (9th Cir.1991) (holding that life sentence without parole for defendant convicted of possession with intent to distribute 151.9 grams of cocaine does not violate the Eighth Amendment).

In addition to evaluating the issues raised in the *Anders* brief, we have independently examined the record for appealable errors. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Counsel did not address possible appellate issues arising from Aguilar–Muniz's waiver of the right to a hearing on the government's motion to withdraw the first plea agreement.

■ After a plea agreement has been accepted and entered by the court, the court may not rescind the plea agreement on the government's motion unless the defendant has breached the agreement. *See United States v. Sandoval–Lopez,* 122 F.3d 797, 800 (9th Cir.1997); *United States v. Partida–Parra,* 859 F.2d 629, 634 (9th Cir.1988).

The district court advised Aguilar–Muniz that he could oppose the government's motion to withdraw the plea agreement, and if successful, enforce the original agreement under which Aguilar–Muniz would have received a ten-year sentence rather than a fourteen-year sentence. The defendant initially appeared not to understand the court's explanation. The court called the problem to the attention of defense counsel, and after counsel conferred with the defendant, found that the waiver was knowing and voluntary. On de novo review, we find no error in the district court's determination.

We find that the *Anders* brief correctly characterizes the possible issues for appeal as without merit. Our independent review of the record fails to disclose other non-frivolous issues for appeal. Counsel's motion to withdraw is therefore GRANTED, and the conviction and sentence are AFFIRMED.