UNITED STATES of America, Plaintiff–Appellee,

v.

Gerald WHITEFORD Defendant–Appellant.

No. 00–50034.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[*].

Decided Jan. 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM**

Gerald Whiteford appeals from his guilty plea conviction and 41–month sentence for mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 2. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Whiteford's counsel has filed a brief stating that she finds no meritorious issues and a motion to withdraw as counsel of record. Whiteford has not filed a pro se supplemental brief.

The *Anders* brief identifies three potential issues. The first issue concerns whether the district court complied with the provisions of Rule 11 in accepting Whiteford's guilty plea. A review of the record demonstrates that the district court's plea colloquy substantially satisfied the rule's requirements, and that the plea was knowing and voluntary. *See* Fed. R.Crim.P. 11; *United States v. Aguilar–Muniz,* 156 F.3d 974, 976–77 (9th Cir.1998) (discussing the Rule 11 requirements).

■ The second potential issue involves whether the district court erred by imposing a three-level enhancement based on its finding that Whiteford was a supervisor of the criminal enterprise for purposes of U.S.S.G. § 3B1.1(b). We review a district court's findings under § 3B1.1 for clear error. *United States v. Sanchez,* 908 F.2d 1443, 1447 (9th Cir.1990). Our review of the record demonstrates that the district court's finding is supported by substantial competent evidence, including testimony that Whiteford hired, fired, and trained other participants in the mail fraud scheme.

■ The third potential issue involves whether the district court erred by imposing a two-level enhancement based on its finding that Whiteford's victims were unusually vulnerable for purposes of U.S.S.G. § 3A1.1(b). We review a district court's finding that a defendant's victims were unusually vulnerable for clear error. *United States v. Scrivener,* 189 F.3d 944, 950 (9th Cir.1999). The district court did not clearly err in finding that Whiteford's victims were unusually vulnerable based on substantial competent evidence that, inter alia, at least one elderly victim was openly concerned about the safety of the proposed investment.

Our examination of counsel's brief and our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose no further issues for review. Counsel's motion to withdraw as counsel of record is GRANTED and the judgment is

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.