**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose AGUILAR, Defendant–Appellant.**

No. 00–50164.
D.C. No. CR 99–776–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 23, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jose Aguilar appeals the sentence imposed following his guilty plea to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. Aguilar's attorney has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground that she failed to discover any arguable issues on appeal.

The plea agreement provided that:

Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above, (b) the Court does not depart upward in offense level or criminal history category, and (c) the Court determines that the total offense level is 31 or below.[1]

The sentence imposed (108 months) is within the specified statutory maximum (life), the district court did not depart upward, and the total offense level is 31. Having independently reviewed the record, we are satisfied that the plea agreement, including the waiver of the right to appeal, was entered knowingly and voluntarily. *United States v. Aguilar–Muniz,* 156 F.3d 974, 976 (9th Cir.1998). We therefore en-

force the waiver, grant the motion to withdraw, and dismiss the appeal.

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We read the waiver exceptions for, *inter alia,* "an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction" as exceptions to the defendant's waiver of his right to bring a collateral attack on his conviction or a sentence, and not as exceptions to his waiver of his right to bring a direct appeal.

