**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Luis ALARCON, Defendant—**
**Appellant.**

**No. 00–50708.**
**D.C. No. CR–99–03367–IEG.**

United States Court of Appeals,
Ninth Circuit.

Submitted on July 22, 2002.[*]

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM [**]

Jose Luis Alarcon appeals his 120–month sentence following his guilty-plea conviction for importing 29.13 kilograms of cocaine to the United States, in violation of 21 U.S.C. §§ 952, 960. Because we lack jurisdiction over the appeal, we dismiss it.

We review de novo the validity of a waiver of the right to appeal. *United States v. Aguilar–Muniz,* 156 F.3d 974, 976 (9th Cir.1998). In his plea agreement, Alarcon waived "to the full extent of the law" his right to appeal his sentence or his conviction. There is no indication in the record that the district court failed to comply with Federal Rule of Criminal Procedure 11, or that the plea and waiver were not knowing and voluntary. *See United States v. Aguilar–Muniz,* 156 F.3d 974, 976 (9th Cir.1998) Moreover, the district court's advisement during Alarcon's sentencing hearing concerning Alarcon's potential right to appeal did not revive his appellate rights. *See id.* at 977 (9th Cir. 1998) (holding right to appeal, waived in plea agreement, not revived where district court had advised defendant during sentencing that he may have waived some or all of his right to appeal); *United States v. Schuman,* 127 F.3d 815, 816 (9th Cir.1997) (per curiam) (holding district court's advisement during sentencing did not revive waived right to appeal because "Schuman

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was made aware by both the court and the prosecutor's objection that the waiver of his right to appeal could preclude an appeal.").

Nor was Alarcon's right to appeal revived by the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), issued after execution of the plea agreement but before Alarcon's sentencing hearing, since the district court actually considered whether *Apprendi* had any effect on Alarcon's sentence and correctly concluded that it had no effect.[1]

DISMISSED.

---

1. We express no opinion regarding whether Alarcon can challenge the knowing and voluntary nature of his plea and appeal the waiver in another proceeding, such as a motion pursuant to 28 U.S.C. § 2255.

