**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Fernando OCHOA–PAEZ, aka Wilfredo Paez–Ochoa, Defendant—Appellant.**

No. 02–10474.

D.C. No. CR–02–00387–MHM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2003.

Decided Nov. 5, 2003.

Joan G. Ruffennach, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Fernando Ochoa–Paez, pro se, Adelanto, CA, Javier Chon–Lopez, Asst. Fed. Pub. Def., FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

### MEMORANDUM *

Fernando Ochoa–Paez appeals the 22–month sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), as enhanced by § 1326(b)(2). Ochoa–Paez argues that the waiver of his right to appeal is unenforceable. We have jurisdiction pursuant to 28 U.S.C. § 1291. The validity of a waiver of the right to appeal is reviewed de novo. *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000). We enforce the waiver of appeal, and, accordingly, dismiss the appeal.

First, Ochoa–Paez contends that the waiver of his right to appeal does not apply because a statement by the district court invalidated the waiver. Ochoa–Paez relies upon *United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995). The facts of this case are clearly distinguishable

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

from *Buchanan*. The district court explicitly advised Ochoa–Paez that the plea agreement provided for a waiver of appeal, stating, "You should be advised that there's ordinarily a right to appeal a sentence even if one pleads guilty but you waived your right to appeal ... such a waiver is generally enforceable." The court's statements did not invalidate the waiver of appeal. *United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir. 1998).

Second, Ochoa–Paez argues that the waiver of appeal is unenforceable because, during the guilty plea hearing, the magistrate judge orally modified the plea agreement to allow Ochoa–Paez's oral motion for downward departure based on cultural assimilation, and the magistrate judge then failed to consider or rule on this motion. As a result, Ochoa–Paez argues, he was not sentenced in accordance with the orally-modified plea agreement, therefore, this court has jurisdiction to hear this appeal.

■ We reject Ochoa–Paez's argument. The record discloses that Ochoa–Paez did not move the court for downward departure during his guilty plea hearing. Ochoa–Paez asked if the court and the prosecutor "could accept my pardon today so that I can get my family back once I'm out." The magistrate judge then advised Ochoa–Paez that at sentencing he would have an opportunity to explain his situation and the judge will listen to "whatever you may have to say about that." Moreover, the plea agreement did not preclude any additional or later motions for downward departure. The plea agreement stated that if an additional downward departure were requested or authorized, the government could withdraw from the plea agreement. Therefore, the plea agreement was not orally modified, the sentence imposed was in accordance with the plea agreement, and the waiver of appeal is enforceable. *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).

DISMISSED.