UNITED STATES of America,
Plaintiff—Appellee,

v.

Julio IBARRA–ANDRADE,
Defendant—Appellant.

No. 02–10329.

D.C. No. CR–01–00812–JAT.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

213

M. Malaika Rahi-Loo, U. S. Attorney's Office, Phoenix, AZ, for Plaintiff–Appellee.

Julio Ibarra–Andrade, California City, CA, pro se.

Before KLEINFELD, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM**

Julio Ibarra–Andrade appeals his 33–month sentence imposed after he pleaded guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), enhanced by (b)(2). We lack jurisdiction and dismiss.

Relying on *United States v. Buchanan,* 59 F.3d 914 (9th Cir.1995), Ibarra–Andrade contends that his waiver of the right to appeal is unenforceable because the district court orally amended the plea agreement to allow an appeal if the sentence was inconsistent with the sentencing guidelines. We review the validity of a waiver de novo, *United States v. Bolinger,* 940 F.2d 478, 479 (9th Cir.1991), and conclude that Ibarra–Andrade's contention is unpersuasive. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (enforcing a knowing and voluntary appeal waiver based on language of waiver and facts surrounding entry of plea).

A review of the change of plea hearing does not convince us that any statements

by the district court gave Ibarra–Andrade a reasonable expectation that he could appeal his sentence. *See Buchanan,* 59 F.3d at 917–18.

Likewise, at sentencing, the court properly advised Ibarra–Andrade that he had waived his statutory right to appeal. The court's mention of a right to appeal was in general terms and was not an unambiguous statement that Ibarra–Andrade had a right to appeal. *See United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir.1998).

We decline to address Ibarra–Andrade's claim of ineffective assistance of counsel. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000) (stating that ineffective assistance of counsel claims are generally inappropriate on direct appeal).

Because Ibarra–Andrade validly waived his right to appeal, we decline to reach the merits of his appeal. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.