**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan Carlos ROSALES–PEREZ,**
**Defendant—Appellant.**

No. 04–10152.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Robert A. Bork, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

---

\* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Juan Carlos Rosales–Perez appeals the 57–month sentence imposed following his guilty plea to unlawful reentry in violation of 8 U.S.C. § 1326. Citing *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Perez contends that the district court plainly erred in imposing a 16–level enhancement based on his prior drug trafficking conviction, without proof to a jury beyond a reasonable doubt or an admission by Perez. This contention is foreclosed by *United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir.2004) (order) (observing that *Blakely* preserved the rule that a sentencing enhancement based on a prior conviction need not be presented to a jury).

As part of his plea agreement, Perez waived his right to appeal his conviction and sentence, reserving only the right to appeal any portion of the sentence that is an upward departure. Because the district court did not upwardly depart from the Sentencing Guidelines in determining Perez's offense level, Perez received a sentence consistent with the plea agreement, and there is no evidence that the waiver of the right to appeal was not knowing or was not voluntary, we enforce the waiver and dismiss the appeal. *United States v. Agui-*

*lar–Muniz,* 156 F.3d 974, 976 (9th Cir. 1998).

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.