**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Jerome RIZZO, Defendant–**
**Appellant.**

No. 07–10132.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed July 3, 2008.

Robert L. Ellman, Esq., Amber M. Craig, Esq., Office of the U.S. Attorney, Lloyd George Federal, Las Vegas, NV, for Plaintiff–Appellee.

Mark B. Bailus, Esq., Bailus Cook & Kelesis, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

William Jerome Rizzo appeals from his guilty-plea conviction and 97–month sentence for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). We dismiss the appeal.

Rizzo contends that the appeal waiver in his plea agreement is unenforceable because his guilty plea was not knowingly and voluntarily entered into due to ineffective assistance of counsel. Because the record is insufficiently developed, we decline to consider this claim on direct appeal. *See United States v. Jeronimo,* 398 F.3d 1149, 1155–56 (9th Cir.2005). Our ruling does not limit Rizzo's ability to pursue a claim of ineffective assistance of counsel on habeas review, where such claims are generally addressed.

Rizzo also contends that this appeal is not barred because the district court in-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

formed him at sentencing that certain appellate rights could not be waived and advised him of the steps necessary to initiate an appeal. However, the district court's statements did not invalidate the waiver of appeal. *See United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir.1998).

Accordingly, we dismiss the appeal in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000).

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.