

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50102 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01201-ODW-9 |
| v. | |
| WALTER RAMIREZ, AKA Bumper, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District
Judge.[**]

Pursuant to a written plea agreement, Defendant–Appellant Walter Ramirez

("Ramirez") pleaded guilty to a charge of conspiring to commit racketeering

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for Northern Illinois, Chicago, sitting by designation.

offenses. The district court imposed a sentence of 108 months' imprisonment, followed by three years of supervised release, and a special assessment of $100. Ramirez appeals his sentence.

Ramirez's plea bargain includes an appellate waiver provision waiving any sentencing appeal, so long as the sentence imposed: (1) is within the statutory maximum and is constitutional; and (2) is within or below the Guidelines range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court. He also retained the right to appeal certain conditions of supervised release.

"Whether an appellant has waived [his] right to appeal is reviewed de novo." *United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). "The waiver is enforceable if appellant knowingly and voluntarily waives [his] rights and the language of the waiver covers the grounds raised on appeal." *Id.* at 623-24. However, "[a]n appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge informs a defendant that [he] retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *Id.* at 624. "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.*

Ramirez argues that the appellate waiver provision of his plea agreement does not apply because the district court informed him that he could appeal his sentence and the government did not object. The district court said:

> You also have the right to appeal your sentence under some circumstances, particularly if you believe that your sentence is contrary to the law; however, a defendant may waive those rights as part of a plea agreement, and you have entered into a plea agreement, specifically paragraph 20 thereof, which waives some or all of your rights to appeal the sentence itself. Such waivers are generally enforceable. If you believe the waiver is unenforceable, you may present that theory to the court of appeals.

The district court's language did not invalidate Ramirez's waiver of appeal. *See United States v. Aguilar-Muniz* 156 F.3d 974, 977 (9th Cir. 1998) (holding that the district court's statement, which was substantially identical to the one at issue here, did not invalidate the appeal waiver).

Ramirez also argues, but in his reply brief only, that his appellate waiver does not apply because the district court violated his constitutional due process rights in imposing the sentence. For three reasons, we conclude that Ramirez's argument is waived.

1. Ramirez waived any constitutional due process challenge by failing, in his opening brief, to argue on due process grounds that the appellate waiver did not apply. *See, e.g.*, *United States v. City of Arcata*, 629 F.3d 986, 992 (9th Cir. 2010); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (holding that the

3

defendant waived a First Amendment challenge to the search of his laptop because he raised it for the first time in his reply brief, even though his opening brief had challenged the constitutionality of the search under the Fourth Amendment).

2. Elsewhere in his opening brief, Ramirez stated in conclusory terms that the district court violated his due process rights, but he did so in a single sentence without citation to authority. An undeveloped argument of this sort is waived. *See, e.g.*, *John-Charles v. California*, --- F.3d ----, 2011 WL 2937945, at *3 n.4 (9th Cir. July 22, 2011) (citing *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)).

3. Even in his reply brief, Ramirez merely reiterated his previous challenges and added a few paragraphs regarding the applicability of the Due Process Clause at sentencing. At no point did Ramirez specifically and distinctly argue a due process violation. The issue is therefore waived. *See, e.g.*, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *cf. Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims").

Ramirez's appeal is foreclosed by the appellate waiver in his plea agreement.

**AFFIRMED.**