Quin Anthony Denvir, Davis, CA, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Roberto Solis–Cabralles appeals from the district court's judgment and challenges the 77–month sentence imposed following his jury-trial conviction for two counts of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solis–Cabralles contends that the district court erred by denying him a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), because his pre-trial statements demonstrated his acceptance of responsibility. The parties dispute the standard of review that applies to this claim. Contrary to Solis–Cabralles's argument, the district court did not misapprehend the law with respect to the adjustment for acceptance of responsibility. We therefore review the district court's finding that Solis–Cabralles did not accept responsibility

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for his offense for clear error. *See United States v. Garrido,* 596 F.3d 613, 617 (9th Cir.2010).

The district court considered Solis–Cabralles's pre-trial statements but denied the adjustment based on the record as a whole, including Solis–Cabralles's conflicting statements to immigration authorities and his suggestion that his presence in the United States was involuntary. The district court did not clearly err in denying the adjustment. *See United States v. Molina,* 596 F.3d 1166, 1169–70 (9th Cir.2013).

**AFFIRMED.**

### UNITED STATES of America, Plaintiff–Appellee,

v.

### Lucky Diamond MAPUNI, Defendant–Appellant.

### No. 12–10357.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2013.*

Filed June 21, 2013.

Thomas C. Muehleck, Assistant U.S., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pamela O'Leary Tower, Kenwood, CA, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Lucky Diamond Mapuni appeals from the district court's judgment and challenges his guilty-plea conviction and 180–month sentence for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Mapuni's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Mapuni has filed a pro se supplemental brief. No answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to Mapuni's conviction. We accordingly affirm Mapuni's conviction.

Mapuni waived his right to appeal his sentence. Our independent review of the record discloses no arguable issues as to the validity of the waiver. *See United States v. Watson,* 582 F.3d 974, 986–88 (9th Cir.2009). Moreover, we reject Mapuni's contention that the district court invalidated the appeal waiver during sentencing. *See United States v. Aguilar–*

*Muniz,* 156 F.3d 974, 977 (9th Cir.1998). We therefore dismiss Mapuni's appeal as to his sentence. *See Watson,* 582 F.3d at 988.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.