**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10124 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:17-cr-00219-TLN-1<br>2:17-cr-00219-TLN |
| v. | |
| ERICA UMBAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 6, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

Defendant Erica Umbay appeals her conviction for being a felon in possession of a firearm following her guilty plea to the charge. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Umbay's appeal is barred by the express terms of her plea agreement, where she agreed "to give up the right to appeal any aspect of the guilty plea, the conviction, and the sentence imposed in this case." At the plea colloquy, the court confirmed with Umbay that she was waiving her "right to collaterally attack or appeal all or any part of this plea, conviction, and/or sentencing" and Umbay indicated she understood. The district court found that her appellate waiver was knowingly and voluntarily made, consistent with Rule 11(b) of the Federal Rules of Criminal Procedure. *See United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999). The appeal waiver must therefore be enforced. *See United States v. Nunez*, 223 F.3d 956, 958–59 (9th Cir. 2000).

Nor did the court's later advisement at sentencing undermine the clarity of her waiver. The court correctly informed Umbay that there is a general right to appeal a guilty plea conviction if it were unlawful or involuntary or if some other defect in the proceedings existed, but reiterated that a defendant can waive those rights, and reminded Umbay that she had "entered into a plea agreement which waives some or all of your rights to appeal the sentence itself. Such waivers are generally enforceable." *See United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1988) (approving similar advisement).[1]

---

[1]   In any event, Umbay's plea agreement had a sufficient factual basis. Fed. R. Crim. P. 11(b)(3); *United States v. Younger*, 398 F.3d 1179, 1193 (9th Cir. 2005)

**AFFIRMED**.

---

(finding sufficient connection to interstate commerce where defendant's gun was manufactured in Massachusetts and found in defendant's possession in California).