Scott Bratton, Cincinnati, Ohio, on the brief for appellant.

Thomas M. Finnegan, Asst. U.S. Atty., New York, N.Y. (Mary Jo White, U.S. Atty., George S. Canellos, Asst. U.S. Atty., New York, N.Y., on the brief), for appellee.

Before: NEWMAN and KEARSE, Circuit Judges, and KORMAN,* District Judge.

JON O. NEWMAN, Circuit Judge.

This criminal appeal warrants a brief opinion to make it clear that in cases where a defendant has executed a valid waiver of the right to appeal as part of a plea agreement, a district judge's statement after sentencing concerning a right to appeal does not alter the binding force of the waiver of appellate rights. Ronald Fisher endeavors to appeal from the June 8, 1998, judgment of the District Court for

**UNITED STATES of America, Appellee,**

v.

**Ronald FISHER, Defendant–Appellant.**

**Docket No. 98–1330.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 11, 2000

Decided: Nov. 13, 2000

* Honorable Edward R. Korman of the United States District Court for the Eastern District   of New York, sitting by designation.

the Southern District of New York (Sonia Sotomayor, then-District Judge) imposing a sentence that included 63 months' imprisonment, after he entered a plea of guilty to bank embezzlement charges. We conclude that Fisher's waiver of his right to appeal is enforceable, notwithstanding the District Judge's post-sentencing remarks, which mentioned a right to appeal, and we therefore dismiss the appeal.

### Facts

Fisher was employed at Citibank and through his position stole approximately $2 million of the bank's funds and stole or attempted to steal approximately $12 million worth of stock held by the bank on behalf of a Citibank customer. Fisher was caught before he could sell the shares. After his arrest, he returned the shares and all but $654,000 of the cash to Citibank.

Fisher was charged with two counts of bank embezzlement, one count for part of the cash and one count for the shares. Pursuant to a plea agreement, he pled guilty to these two charges, and the Government agreed not to prosecute him on additional embezzlement and money-laundering charges. The plea agreement specified offense level 24, criminal history category I, and a resulting Sentencing Guidelines range of 51 to 63 months. Under the agreement, Fisher acknowledged that he had embezzled between $10 and $20 million.

The plea agreement provided that both Fisher and the Government waived their rights to appeal, in the event that Fisher was sentenced within the stipulated range of 51 to 63 months. At the guilty plea proceeding, Judge Sotomayor, carefully complying with Fed.R.Crim.P. 11(c)(6), obtained Fisher's informed consent to the appeal waiver:

> THE COURT: [Y]ou have made a promise here in this plea agreement, Mr. Fisher. That promise is that if I happen to sentence you for any reason within the guidelines range of 51 to 63 months, that

you have given up your right to appeal that sentence to a higher court.

> That means that if I make a mistake under the sentencing guidelines that comes into that range, mistake or otherwise, that it doesn't matter; you have given up your right to appeal that sentence, you have accepted that sentence. Do you understand this?

> THE DEFENDANT: Yes, your Honor.

Tr. Feb. 17, 1998, at 14.

Some four months later, Judge Sotomayor sentenced Fisher. The pre-sentence report ("PSR") calculated Fisher's sentence, in accordance with the stipulation in the plea agreement, at 51 to 63 months. Fisher did not object. Judge Sotomayor accepted the recommendation in the PSR and sentenced Fisher to 63 months, plus $74,000 restitution, and 5 years' supervised release. After sentencing, and in the absence of any comment from the prosecutor as to the waiver of appellate rights that had occurred four months previously, Judge Sotomayor then made the following statements, on which Fisher now bases his claimed right to appeal:

> THE COURT: Mr. Fisher, you have ten days after tomorrow to file an appeal to your plea or your sentence. I do not know if you have grounds to appeal. That is an issue you will have to discuss with [counsel]. But, if you cannot reach him, if you disagree with his advice, if you otherwise have any difficulties, you yourself can protect *your right to appeal* by writing to the Clerk of the Court, Southern District of New York.

Tr. June 3, 1998, at 15–16 (emphasis added). After adding details concerning information to be given the Clerk, the District Judge concluded:

> But, please, sir, watch the ten-day period. You must file that notice within the ten days.

> Do you understand your *right to appeal,* sir?

> THE DEFENDANT: Yes.

*Id.* at 16 (emphasis added). Even after hearing these remarks, the prosecutor failed to remind the District Judge that appellate rights had been waived.

## Discussion

Fisher contends (1) that the appeal waiver in the plea agreement does not bar his appeal because of Judge Sotomayor's post-sentencing statements concerning a "right to appeal," and (2) that the Guidelines were misapplied to Fisher's theft of the $12 million in shares, since he merely transferred the shares to his brokerage account without actually negotiating them to a third party. We need consider only the first contention.

### 1. Was the Waiver of Appellate Right Valid When Made?

■ By the terms of the plea agreement, Fisher's waiver of appellate rights applies only if he is sentenced within the range stipulated in the plea agreement. From the defendant's standpoint, this narrow form of appellate waiver is similar to an agreement to waive appellate rights as long as the sentence is within or below an agreed-upon Guidelines range, and we have regularly enforced waivers of that sort. *See, e.g., United States v. Chen,* 127 F.3d 286, 288 (2d Cir.1997); *United States v. Maher,* 108 F.3d 1513, 1531 (2d Cir. 1997). Even a narrowly drafted waiver does not waive appellate rights "in every circumstance." *United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.1995); *see United States v. Jacobson,* 15 F.3d 19, 22–23 (2d Cir.1994) (refusing to enforce waiver provision where sentencing court arguably violated Constitution in relying on naturalized status as basis of sentence); *see also United States v. Goodman,* 165 F.3d 169, 174 (2d Cir.1999) (reviewing Second Circuit's approach to different forms of appellate waivers). However, since the merits of Fisher's sentencing claim concern only the application of the Guidelines to the facts of

his case, he presents no circumstance that would render the waiver unenforceable at the time he and the Government agreed to it.

### 2. Did the District Court's Post–Sentencing Remarks Render the Waiver Ineffective?

This Circuit has not yet had occasion to consider whether a district judge's post-sentence statement concerning appellate rights renders ineffective an otherwise enforceable waiver of such rights. We anticipated the problem in *United States v. Tang,* 214 F.3d 365 (2d Cir.2000), noting that "if district judges always give unqualified advice that the defendant may appeal, even when a waiver of appellate rights is fully effective, they will precipitate some needless appeals." *Id.* at 370.

Rule 32(c)(5) of the Federal Rules of Criminal Procedure requires a court, after imposing sentence after entry of a guilty plea, to advise the defendant of "any" right to appeal the sentence.[1] As we noted in *Tang,* "Congress seems to have understood that advice as to a right to appeal a sentence need be given only when such a right exists. A right might not exist either because it was never created in the first place, or because it was created and then waived." *Id.* at 369 (footnote omitted). *Tang* urged sentencing judges, in cases where a waiver of appellate rights is of the type we have ruled enforceable and has been fully explained to the defendant at the time of the plea, not to give "unqualified advice concerning a right to appeal." *Id.* at 370. Instead, we suggested the following:

> In such cases, they might consider mentioning that appellate rights were waived in the plea agreement, as the District Judge did in *United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir.1998) (quoting District Judge's advice). If defense counsel disputes the scope or effectiveness of the waiver and

---

1. After sentencing in a case that has gone to trial, the court must advise the defendant of "the" right to appeal. Fed.R.Crim.P. 32(c)(5).

contends that some sentencing issue survives the waiver, defense counsel should alert the district judge at the time of sentencing to such a claim, thereby affording the district judge an opportunity to clarify the record as to the scope of the waiver and the defendant's understanding of it. In the event of such a defense claim, the district judge should inform the defendant that if, despite the waiver, he wishes to attempt to appeal some issue that is claimed to survive the waiver, he must file a notice of appeal within ten days. *See United States v. Schuman*, 127 F.3d 815, 818 (9th Cir. 1997) (Kozinski, J., concurring). In all cases of appellate rights waivers, the Government should alert the district judge at sentencing to the waiver provisions of the plea agreement. *See [United-ed States v.] Michelsen*, 141 F.3d [867,] 872 n. 4 [ (8th Cir.1998) ] ("[T]he government might well have clarified the issue by speaking up."); *[United States v.] Ogden*, 102 F.3d [887,] 889 [ (7th Cir. 1996) ] ("[T]he better practice would be for the government to call [the waiver provision] to the sentencing judge's attention. . . .").

*Id.* Since sentencing in the pending case occurred before the opinion in *Tang* was issued, it is understandable that the sentencing judge made some reference to appellate rights and, because of the prosecutor's silence, omitted any reference to the appellate waiver.

Most of the circuits that have considered whether a district judge's post-sentence advice as to appellate rights renders ineffective an otherwise enforceable waiver of such rights have ruled that the waiver remains valid. *See, e.g., United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998); *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.1998); *United States v. Ogden*, 102 F.3d 887 (7th Cir.1996); *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir.1992). The Ninth Circuit initially ruled to the contrary, *see United States v. Buchanan*, 59 F.3d 914 (9th Cir. 1995), in a case where the sentencing judge's remarks concerning appellate rights were made after an initial plea agreement had included an appellate waiver but before a revised plea agreement (also including a waiver) was formalized. After *Buchanan*, the Ninth Circuit has followed it, *see United States v. Otis*, 127 F.3d 829, 834 (9th Cir.1997), declined to follow it where a prosecutor objected to the district judge's advice about appellate rights, *see United States v. Littlefield*, 105 F.3d 527 (9th Cir.1997); *id.* at 529 (Hall, J. concurring), and considered it inapplicable where a sentencing judge advises a defendant that he has a statutory right to appeal, but also cautions that the defendant's plea agreement might have waived some or all of that right. *See United States v. Aguilar–Muniz*, 156 F.3d 974, 977 (9th Cir.1998); *United States v. Schuman*, 127 F.3d 815, 817 (9th Cir.1997). The Sixth Circuit has cited *Buchanan* with apparent approval, noting in dictum that a district judge's advice as to appellate rights might vitiate a prior waiver. *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) ("It is quite conceivable in this situation that the defendant would not know whether his waiver of the appeal in the plea agreement or the judge's statements regarding his right to appeal controlled.").

■ We join the Fifth, Seventh, Eighth, and Tenth Circuits in holding that an otherwise enforceable waiver of appellate rights is not rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that the defendant may appeal. Whether the waiver is enforceable depends on the nature of the waiver and the defendant's informed consent to it, as ascertained by the district judge at the time the plea is entered pursuant to the plea agreement in which the appellate waiver is set forth. If enforceable when entered,[2] the waiver does not

---

**2.** A district judge's advice concerning appellate rights might weigh in favor of construing

an ambiguous waiver not to be enforceable.

lose its effectiveness because the district judge gives the defendant post-sentence advice inconsistent with the waiver. No justifiable reliance has been placed on such advice.

We reached a similar conclusion in *United States v. Coffin,* 76 F.3d 494 (2d Cir. 1996), ruling that a speedy trial claim, denied by the district court and not reserved for appeal at the entry of the guilty plea, could not be pursued on appeal, despite the fact that at sentencing the District Court appointed appellate counsel to facilitate an appeal. "Absent unusual circumstances, such as evidence of an earlier agreement between [the defendant] and the [G]overnment, [the District Court's] comments could not operate *nunc pro tunc* to condition [the defendant's] plea of guilty on the right to appeal.... There was not, nor could there be, any detrimental reliance on the statement. It was already too late to condition the plea." *Id.* at 497 (citation omitted).

We will continue to expect prosecutors to alert district judges at sentencing to the existence of appellate waivers, *see Tang,* 214 F.3d at 370, both to provide an opportunity to clarify any ambiguity as to the scope of such waivers, and to afford district judges an opportunity to fashion any advice concerning possible appellate rights in light of the terms of the waiver.

### Conclusion

Since the appellate waiver in the pending case remains fully enforceable, the appeal is dismissed.

*See United States v. Goodman,* 165 F.3d 169, 174 (2d Cir.1999).