UNITED STATES of America,
Plaintiff–Appellee,

v.

Sang Kyu PARK; Jin Kim; Tae Ho
Kim; David Chung, also known as
Small David; Min Kang, also known
as Bear, also known as Ghom, also
known as Mina; Sang–Hyuk Na;
Dong Shik Park, also known as Dan-
ny; Jung Wong Jeong; Charles Lee,
Defendants.

v.

Seung–Ho Park, Defendant–Appellant.

Docket No. 00–1647.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2002.

Steven M. Statsinger, New York, NY,
for Appellant.

William F. Johnson; Steven R. Peikin of
counsel, New York, NY, for Mary Jo
White, United States Attorney for the
Southern District of New York.

Present SACK, B.D. PARKER, and B.
FLETCHER,* Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the judgment of
September 28, 2000 be, and it hereby is,
AFFIRMED.

---

* The Honorable Betty B. Fletcher, Senior Cir-
cuit Judge of the United States Court of Ap-
peals for the Ninth Circuit, sitting by designa-
tion.

The defendant-appellant Seung–Ho Park appeals from a sentence imposed pursuant to an September 28, 2000 judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge*), finding him guilty of one violation of 18 U.S.C. § 1951 pursuant to a plea agreement. The district court sentenced Park to fifty-one months' imprisonment, three years' supervised release, a $100 assessment, and a restitution order of $1000. Park's counsel appealed only the restitution order on the grounds that it violated 18 U.S.C. § 3664(d)(5), that it constituted an impermissible delegation of authority to a probation officer, and that it violated Park's due process rights. Park also submitted a *pro se* brief arguing that the district court erroneously calculated his Guideline range under the United States Sentencing Guidelines. We reject Park's challenge to the restitution order and do not address the challenges to his sentence because we conclude that he waived his right to challenge his sentence in his plea agreement.

■ Regarding the restitution order, § 3664(d)(5) applies only "[i]f the victim's *losses* are not ascertainable." 18 U.S.C. § 3664(d)(5) (emphasis added). That is, § 3664(d)(5) applies where there is uncertainty as to the *amount* that the defendant would have to pay. In this context, only a district court's "fail[ure] to resolve the restitution amount, and [failure] to give [the defendant] an opportunity to object to that amount" is error. *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir.2000). Here, in contrast, the district court made an unambiguous finding of the *minimum* loss, $1000, rendering § 3664(d)(5) inapplicable.

■ Nor does the residual uncertainty concerning the identity of the actual owners of the Rose City Café help Park. We have previously held that if the identity of the victim has been ascertained, their location need not be determined prior to issuance of a restitution order. *See United States v. Berardini*, 112 F.3d 606, 612 (2d Cir.1997); *see also United States v. Ben Zvi*, 242 F.3d 89, 100 (2d Cir.2001). *Berardini* also noted that where a defendant makes payments to the government as a trustee, if victims are never identified, the money is repaid to the defendant. *Berardini*, 112 F.3d at 612. In light of the district's court's power to address practical problems in the implementation of restitution orders, shown in *Berardini*, its action here was not an abuse of discretion. Because the district court's order fell within its powers pursuant to 18 U.S.C. §§ 3663–64, it neither improperly delegated nor violated the defendant's due process rights.

Finally, Park voluntary and knowingly waived his right to appeal his sentence. He does not contend that his sentence exceeded the Guideline range specified within the plea agreement or that any flaw marred the voluntariness of his plea. Absent such an assertion, we decline to hear his sentencing challenges. *See United States v. Fisher*, 232 F.3d 301, 303 (2d Cir.2000); *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir.1995).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.