**UNITED STATES of America,
Appellee,**

v.

**Noel JOSEPH, Appellant.**

**No. 01–1450.**

United States Court of Appeals,
Second Circuit.

June 10, 2002.

Mark Diamond, New York, NY, for Appellant.

William F. Johnson, Assistant United States Attorney for the Southern District of New York, New York, NY, (James B. Comey, United States Attorney for the Southern District of New York, David Raymond Lewis, Assistant United States Attorney, on the brief) for Appellee.

Present McLAUGHLIN, JACOBS, and LEVAL, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Noel Joseph appeals from his conviction and sentence of 87 months, entered by the district court for the Southern District of New York (Baer, J.). Joseph had pled, pursuant to a plea agreement, to one count of carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2). On appeal, Joseph challenges: [1] the validity of his plea, arguing that the court elicited insufficient facts to prove all the elements of the crime; [2] his purported waiver of his right to appeal his sentence, arguing that any such waiver was neither knowing nor voluntary; and [3] application of a four-level sentencing enhancement for infliction of serious bodily injury and a one-level enhancement for causing loss of more than $10,000. Additionally, he maintains summarily that [4] his counsel was ineffective for failing to object to any (or all) of these purported errors. We affirm.

1. Joseph's plea was sufficient. The information clearly charged all elements of the crime, and Joseph waived a more factually detailed indictment and accepted the PSR's findings. The government indicated that it could prove the elements with both witnesses and documents, and Joseph did not object. While the district court could have inquired further of Joseph on the element of specific intent, its failure to do so was not error.

2. Generally, we will enforce a defendant's knowing and voluntary waiver of the right to appeal a sentence within a stipulated range, as set forth in a plea agreement. *See United States v. Fisher,*

232 F.3d 301, 303 (2d Cir.2000); *United States v. DeJesus,* 219 F.3d 117, 121 (2d Cir.2000) (holding that waiver is valid "when the sentence imposed conforms to the parameters of a plea agreement entered into knowingly and voluntarily"). However, knowing and voluntary waiver of the right to appeal requires that the defendant fully understand the potential consequences of waiver. *See United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996). Specifically, Rule 11(c)(6) of the Federal Rules of Criminal Procedure provides that "[b]efore accepting a plea of guilty or *nolo contendere,* the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence."

Judge Baer did not personally address Joseph on the issue of waiver, but he instructed the government to address the point. The transcript of the government's statement, however, was somewhat ambiguous as to whether the bar applied to direct appeals or to habeas petitions only: "[T]he defendant will neither appeal nor otherwise litigate, under 28 U.S.C. 2255, any sentence within or below the stipulated guidelines range." [SA 17]. If the clause "under 28 U.S.C. 2255" modifies both "neither appeal" and "nor otherwise litigate," then the waiver would seem to bar collateral challenges only, whereas if the reference to the statute modifies only "otherwise litigate," then the "neither appeal" language would arguably cover all appeals. The proper reading is not entirely clear. The punctuation used in Joseph's plea agreement made the language better, but still arguably ambiguous. Joseph therefore is permitted to challenge his sentence.

■ 3. All challenges to his sentence, however, lack merit. It was not error for the district court to find that the carjacking caused the victim serious bodily injury and a loss of over $10,000. The victim was struck over the head with a hammer and required hospitalization, and the value of the stolen Lexus is calculated at the moment of the carjacking "even if the vehicle is recovered immediately." U.S.S.G. 2B1.1 cmt. 2; *see also United States v. Parker,* 903 F.2d 91, 104–05 (2d Cir.1990). The plea agreement stipulated that value to be between $10,000 and $50,000.

4. Finally, Joseph has made no showing that his counsel was ineffective.

For the reasons set forth above, the judgment of the district court is AFFIRMED.