**UNITED STATES of America, Appellee,**

v.

**Michael WEAVER, Defendant–Appellant.**

No. 07–5329–cr.

United States Court of Appeals, Second Circuit.

Dec. 2, 2008.

1. We direct the Clerk of Court to amend the official caption as noted.

122

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Daniel G. Tronolone, Tronolone & Surgalla, PC, Buffalo, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Michael Weaver waived indictment and pled guilty to a June 11, 2007 Information charging him with the possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The plea agreement contained an appeal waiver. On November 9, 2007, the District Court (Arcara, *J.*) entered a judgment of conviction and sentenced Weaver principally to a 78–month prison term—the lowest sentence available within the applicable Guidelines range of 78 to 97 months. Before our Court, Weaver argues that he should not be bound by the appeal waiver because the district court gave insufficient consideration to his argument for a non-Guidelines sentence. He also argues that the sentence he received is substantively and procedurally unreasonable.

"The right to appeal may be waived as part of a plea agreement, and we have stated that a knowing and voluntary waiver of the right to appeal a sentence within a particular Guidelines range is generally enforceable." *United States v. Chen*, 127 F.3d 286, 289 (2d Cir.1997) (internal citations omitted); *see also United States v. Fisher*, 232 F.3d 301, 303 (2d Cir.2000). Weaver does not dispute that he knowingly waived his right to appeal his sentence. He argues, however, that the appeal waiver should not be enforced because the district court failed to consider his arguments for a non-Guidelines sentence. Our own review of the record, however, indicates that Weaver was given every opportunity to argue that the sentencing factors listed in 18 U.S.C. § 3553(a) indicated that a sentence lower than the recommended advisory range would be appropriate in his case. The district court specifically acknowledged Weaver's arguments and declined to apply a non-Guidelines sentence.

Even if we were to ignore the appeal waiver and consider Weaver's argument that his sentence is procedurally and substantively unreasonable, we would reject that argument for essentially the same reason. The district court did not fail to consider the Section 3553(a) factors as it was required to do, *see United States v. Crosby*, 397 F.3d 103, 113 (2d Cir.2005), nor is the sentence—the lowest possible within the applicable Guidelines range—unreasonable. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

Nothing in the record indicates that the government or district court said or did anything to relieve Weaver of his agreement to waive his right to appeal, nor do any of his remaining arguments have merit. Accordingly, we DISMISS his appeal.