

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2008

# USA v. Warner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Warner" (2008). *2008 Decisions.* Paper 138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4403
_____

UNITED STATES OF AMERICA

v.

KEVIN MARSHALL WARNER,
Appellant


On Appeal From the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No.: 05-cr-00053-2E)
District Judge:  Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2008

Before: FISHER, CHAGARES, and HARDIMAN Circuit Judges.

(Filed: December 9, 2008)


_____

OPINION OF THE COURT
_____



CHAGARES, Circuit Judge.

Pursuant to a plea agreement, Kevin Marshall Warner (Warner) pled guilty to conspiracy to pass false and fictitious checks and to one count of passing false and fictitious checks. Warner was subsequently sentenced to 41 months imprisonment. Warner appeals his sentence, arguing that the District Court committed reversible legal error by relying on double hearsay at the sentencing hearing and, in the alternative, that the District Court's factual finding that Warner served as a "manager or supervisor" for purposes of U.S.S.G. § 3B1.1(b) amounted to clear error. Because Warner's plea agreement contains an explicit waiver of his right to appeal on most grounds, and because neither of these challenges falls within the narrow category of appeal rights Warner reserved, we will affirm the sentence imposed by the District Court.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On approximately December 13, 2005, Warner and eight other defendants were indicted for conspiracy to pass false and fictitious checks in violation of 18 U.S.C. § 371. Warner was also charged with 15 counts of passing false and fictitious checks in violation of 18 U.S.C. §§ 514(a) & 2. On July 11, 2007, Warner pled guilty to Count 1 (conspiracy) and Count 15 (passing a false and fictitious check), pursuant to a negotiated plea agreement. Warner also accepted responsibility for the remaining counts of the indictment, agreed to pay mandatory restitution, and entered a conditional waiver of his

2

right to appeal. Warner's appellate waiver contains three exceptions; he can appeal only if: (1) the United States appeals from the sentence, (2) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (3) the sentence unreasonably exceeds the Guideline range determined by the Court under the Sentencing Guidelines. In exchange, the Government agreed to dismiss the remaining counts of the indictment and to move for an offense level reduction for acceptance of responsibility.

At the plea hearing, the District Court found that Warner was competent and capable of entering an informed plea, that his plea of guilty was knowingly and voluntarily made, and that it was supported by an independent basis in fact containing each of the essential elements of the offense. The District Court specifically inquired whether Warner understood that "by virtue of the terms and conditions of [his] plea agreement, [his] rights to appeal have been significantly restricted." (Supp. App. 15.) Warner answered affirmatively. Satisfied, the District Court accepted Warner's plea and directed the preparation of a Presentence Report (PSR).

The PSR determined that Warner's base offense level was 7 (U.S.S.G. § 2B1.1(a)(1)), but that additional points had to be added to the offense level as follows: 4 points because there was a loss of more than $10,000 but less than $30,000 (U.S.S.G. § 2B1.1(b)(1)(C)); 2 points because the offense involved ten or more victims (U.S.S.G. § 2B1.1(b)(2)(A)); and 3 points because the probation officer found that Warner served as a manager or supervisor (but not an organizer or leader) of the conspiracy, and the criminal

3

activity involved five or more participants (U.S.S.G. § 3B1.1(b)). This generated an offense level of 16, which the probation officer reduced to 13 for acceptance of responsibility. That offense level, and the fact that Warner fell into Criminal History Category VI, resulted in an advisory Guideline range of 33 to 41 months.

Warner challenged the application of the 3-point aggravating role adjustment, insisting that he was not a "manager or supervisor" within the meaning of U.S.S.G. § 3B1.1(b). The District Court conducted a sentencing hearing on this issue. The Government presented testimony of Secret Service Special Agent Keith Hiner, who relayed information contained in the Secret Service Investigative Report. The Report summarized interviews of Warner's six co-defendants. Over Warner's hearsay objections, the District Court admitted Agent Hiner's testimony, concluding that the testimony contained the requisite indicia of reliability. The District Court ultimately sentenced Warner to 41 months imprisonment for both Count 1 and Count 15, to run concurrently, with 5 years of supervised release to follow each count, also to run concurrently. All remaining counts were dismissed in accordance with the plea agreement. Warner now appeals his sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Because Warner is appealing from a final judgment of conviction, we have jurisdiction pursuant to 28 U.S.C. § 1291. See Flanagan v. United States, 465 U.S. 259, 263 (1984); Catlin v. United

4

States, 324 U.S. 229, 233 (1945).

We review *de novo* the validity of a waiver-of-appeals provision in a plea agreement. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). If the defendant agreed to the waiver knowingly and voluntarily, we will enforce it unless a miscarriage of justice would result. See United States v. Lockett, 406 F.3d 207, 213 (3d Cir. 2005). The waiver provision is subject to a rule of strict construction, but where it applies, the defendant has the burden of "'show[ing] why we should not enforce'" it. Khattak, 273 F.3d at 562-63 (quoting United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000)).

We exercise a mixed standard of review over the District Court's conclusions at a sentencing hearing: we review the District Court's interpretation of the Sentencing Guidelines *de novo* and the District Court's findings of fact for clear error. United States v. Navarro, 476 F.3d 188, 191 (3d Cir. 2007).

III.

Warner challenges his sentence on two grounds. First, he argues that the District Court committed a legal error when it admitted Agent Hiner's hearsay testimony at sentencing because that testimony was inherently unreliable and Warner's inability to cross-examine witnesses violated the Confrontation Clause. Second, Warner asserts that even if the hearsay testimony was properly admitted, the District Court's factual finding that Warner served as a "manager or supervisor" for purposes of U.S.S.G. § 3B1.1(b) was clearly erroneous.

5

We will not exercise jurisdiction to review the merits of an appeal "if we conclude that [the defendant] knowingly and voluntarily waived her right to appeal unless the result would work a miscarriage of justice." United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). It is undisputed that Warner's plea of guilty was knowing and voluntary, and that the plea agreement contained a waiver of Warner's right to appeal, subject to the three aforementioned exceptions. It is also undisputed that none of these exceptions apply to Warner's appeal. The Government has not appealed Warner's sentence, the sentence does not exceed the statutory maximum, and Warner's 41-month imprisonment falls within the Guideline range determined by the District Court (33 to 41 months). Thus, Warner's challenges to his sentence are barred by the terms of his plea agreement.

Warner argues, however, that the District Court's post-sentencing remarks constitute a rejection of the appellate waiver clause of his plea agreement or a reinstatement of his appeal rights. Rule 32(j)(1)(B) of the Federal Rules of Criminal Procedure provides that the District Court must advise the defendant of any right to appeal his sentence. Here, the District Court advised Warner, "[Y]ou have the right to appeal this sentence which I imposed today." App. 66. The District Court did not remind Warner that his appeal rights are restricted under his plea agreement. We hold that this omission does not affect the appellate waiver clause of Warner's plea agreement.

In Khattak, we held that appellate waivers are valid "if *entered into* knowingly and voluntarily." Khattak, 273 F.3d at 562 (emphasis added). Thus, the relevant context to

6

consider is that which surrounds a defendant's *acceptance* of the appellate waiver. At the plea hearing, the District Court advised Warner of the restrictions to his right to appeal, and Warner knowingly and voluntarily accepted the plea agreement in spite of those restrictions. In fact, he affirmed in open court that he understood that "by virtue of the terms and conditions of [his] plea agreement, [his] rights to appeal have been significantly restricted." See Supp. App. 15. The District Court's post-sentencing statement is consistent with standard advice given to defendants regarding notification of the right to appeal, and made no mention of Warner's plea agreement or any intention to void or modify it. The District Court's failure to remind Warner of the specific terms of his plea agreement did not invalidate the appellate waiver and did not reinstate any rights.[1]

This does not end the analysis, however, because we have refused to enforce plea agreements if doing so would work a manifest injustice even if they were knowing and voluntary. This exception is exceedingly narrow, and operates only in "unusual

---

[1] Khattak left open the possibility that there may be extraordinary cases when a District Judge's "post-sentencing remarks suggesting rights other than those specified in the [waiver] agreement" may "render an otherwise valid waiver unenforceable." See 273 F.3d at 563 & n.7. Khattak did not actually decide this issue, however, and cited two cases where such post-sentencing remarks did not void an otherwise valid waiver. Id. (citing United States v. Flemming, 239 F.3d 761, 763-64 (6th Cir. 2000); United States v. Fisher, 232 F.3d 301, 303-04 (2d Cir. 2000)). Here, it is clear that we are not faced with an extraordinary case where the District Court's post-sentencing remarks rise to the level of invalidating Warner's appellate waiver. Warner knew that he was being sentenced pursuant to his guilty plea, and that his plea agreement contained, *inter alia*, a waiver of his right to appeal subject to three exceptions. The District Court's general comments did not suggest that the terms of Warner's agreement were being modified.

7

circumstance[s] where an error amounting to a miscarriage of justice may invalidate the waiver." Khattak, 273 F.3d at 562. We have refused to promulgate an exhaustive list of circumstances in which we might disregard an otherwise valid waiver of appeal, preferring instead to adjudicate such claims on a case-by-case basis. See id. To make this determination, we have employed a multi-factor balancing test which takes into consideration "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563. The question, then, is whether either or both of Warner's challenges fit within the "manifest injustice" exception. We hold that neither one does.

With respect to Warner's first argument that the District Court committed a legal error when it admitted hearsay testimony at sentencing, we need not engage in an extended weighing of the Khattak factors; it is well established that hearsay – even double hearsay – is "fully admissible at a sentencing hearing, so long as it has sufficient indicia of reliability." United States v. Brigman, 350 F.3d 310, 315 (3d Cir. 2003); see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); 21 U.S.C. § 850 (same); U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider

8

relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). Admission of reliable hearsay at sentencing is also permissible under the Confrontation Clause. United States v. Robinson, 482 F.3d 244, 246-47 (3d Cir. 2007). Here, the District Court did not err in admitting hearsay testimony at sentencing. The detail and internal consistency of the transcribed interviews, as well as their consistency with Warner's own testimony, provided sufficient indicia of reliability.

The same result obtains with respect to Warner's challenge that the District Court committed clear error in finding that Warner served as a "manager or supervisor" of the conspiracy. Facts pertinent to the Guidelines are determined by a preponderance of the evidence. United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). Here, there was evidence that Warner participated in a conspiracy involving at least five participants, and that Warner exercised decisionmaking authority, received a large share of the fruits of the crime, participated in the planning of the offense by generating counterfeit checks, and recruited at least one member of the conspiracy. Thus, the District Court did not err in finding by a preponderance of the evidence that Warner was a "manager or supervisor" of the conspiracy.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

9