08-5557-cr (L), 09-0435-cr (con)
USA v. Byrd (Valentine)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

Present:
PIERRE N. LEVAL,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

   *Appellee*,

     v.          Nos. 08-5557-cr (L), 09-0435-cr (con)

DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, JERMAIL MANUEL, DASHEEM SIMMONS, JOHN SCOTT, EPHRAIM MONROE, JOSE PEREZ, DESURAY COLE, SHERRY FAULK,

   *Defendants*,

ANTHONY VALENTINE, CHAZ GLYNN,

   *Defendants-Appellants*.

_____

For Defendant-Appellant
Chaz Glynn:     MICHAEL A. YOUNG, New York, NY

For Defendant-Appellant
Anthony Valentine:          MICHELE HAUSER, New York, NY

For Appellee:               TODD W. BLANCHE, Assistant United States Attorney (Katherine
                            Polk Failla, Assistant United States Attorney, *on the brief*), *for*
                            Preet Bharara, United States Attorney for the Southern District of
                            New York, New York, NY


        Appeal from the United States District Court for the Southern District of New York
(Rakoff, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Defendant Chaz Glynn appeals from a judgment of conviction entered January 29, 2009

(Rakoff, *J.*), following a jury trial, convicting him of murder in aid of racketeering, murder in

furtherance of a drug trafficking offense, and use of a firearm in furtherance of a crime of

violence, for the murder of Frederick Fowler.  Glynn was sentenced to life imprisonment.

Defendant Anthony Valentine appeals from a judgment of conviction entered November 4, 2008

(Rakoff, *J.*), following his guilty plea, convicting him of murder in furtherance of a drug

trafficking offense for the murder of Fowler and possession of a firearm in furtherance of a drug-

trafficking conspiracy.  Valentine was sentenced to 330 months' imprisonment.  We assume the

parties' familiarity with the facts and procedural history of this case.

        On appeal, Glynn argues that the district court (1) improperly admitted extensive

evidence regarding his gang and his gang activities unrelated to the Fowler murder, (2)

improperly excluded evidence of a gun clip found in the car in which Fowler was murdered, (3)

violated his Confrontation Clause rights by allowing a witness who had not conducted the

autopsy of Fowler to testify to the results of that autopsy, and (4) sentenced him to a mandatory

-2-

minimum sentence in violation of the Constitution. All of Glynn's arguments fail.

First, the admitted evidence regarding Glynn's gang and his gang activities was relevant to the charged crimes, which required the government to show that Glynn ordered the murder of Fowler, and that others followed his order, to maintain or increase their position in the gang. *See* 18 U.S.C. § 1959(a)(1). Nor was the probative value of this evidence substantially outweighed by its danger of unfair prejudice. *See* Fed. R. Evid. 403.[1] Second, the district court correctly excluded the gun clip evidence because any relevance it had was outweighed by the highly speculative nature of the inference defendant sought to draw and the danger of confusing the jurors. *See id.* We need not reach Glynn's third argument, regarding his Confrontation Clause rights because we conclude that, even if there were error, it would be harmless. *See United States v. Reifler*, 446 F.3d 65, 87 (2d Cir. 2006). In this case, there was no dispute that Fowler died because he was shot by Freddie Robinson and Eddie Kline, and the results of the autopsy report were cumulative of Robinson and Kline's testimony.

Finally, Glynn's fourth argument, that his mandatory minimum sentence is unconstitutional, is without merit. "Congress has the power to define criminal punishments without giving the courts any sentencing discretion," *Chapman v. United States*, 500 U.S. 453,

---

[1] We recognize that the racketeering element of Glynn's murder charge significantly expanded the types of evidence deemed relevant under Federal Rules of Evidence 401 and 402, by authorizing the introduction of a great deal of gang-related conduct attributable to Glynn. By charging Glynn with racketeering, the government was able to introduce certain evidence as direct evidence of the charged offense that, absent the racketeering charge, would have been excluded as evidence of a prior bad act. We emphasize that even in these circumstances, a district court's duties under Federal Rule of Evidence 403 remain in full force, and the district court must scrutinize the probative value of the proposed evidence relative to any unfair prejudice, mindful that the government is not permitted to prove its case on the basis of emotion, fear, or propensity evidence.

467 (1991), and Glynn's sentence was neither based on an arbitrary distinction, nor grossly disproportionate to his crime, *see id*. at 465 ("[T]he court may impose[] whatever punishment is authorized by statute . . . so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.") (internal citations omitted); *see also Ewing v. California*, 538 U.S.11, 22-23 (2003) (explaining that to violate the Eighth Amendment a sentence must be "grossly disproportionate" to the crime).

On appeal, Valentine argues that his consecutive sentence for his firearm conviction must be remanded in light of our decision in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009). Valentine, however, waived his right to appeal his below-Guidelines sentence. *See United States v. Fisher*, 232 F.3d 301, 304 (2d Cir. 2000) ("[A]n otherwise enforceable wavier of appellate rights is not rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that the defendant may appeal.").

We have reviewed defendants' remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK