United States v. Almonte

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
DENNIS JACOBS,
REENA RAGGI,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
Appellee,

-v.- 13-2587

ANTONIO ALMONTE,
Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT: RYAN THOMAS TRUSKOSKI, Ryan Thomas Truskoski, P.A., Harwinton, Connecticut.

FOR APPELLEE: JOSEPH J. KARASZEWSKI, for William J. Hochul, Jr., United States Attorney for the Western

District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**.

Defendant-appellant Antonio Almonte appeals from the judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>), sentencing him after a guilty plea principally to 70 months' imprisonment. On appeal, Almonte argues that the district court erred by failing to properly consider: (1) the advisory U.S. Sentencing Guidelines ("Guidelines") range contained in his plea agreement, and (2) the factors set forth in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Almonte has waived his right to appeal his sentence, which falls within the range of sentences subject to the plea agreement's appeal waiver. "Waivers of the right to appeal a sentence are presumptively enforceable." <u>United States v. Riggi</u>, 649 F.3d 143, 147 (2d Cir. 2011) (citation and internal quotation marks omitted). Defendants may waive the right to appeal even "meaningful errors" in sentencing, and such waivers are unenforceable only in "very circumscribed" circumstances. <u>Id.</u> at 147 (citation and internal quotation marks omitted). We have held waivers of appeal to be unenforceable

> when [1] the waiver was not made knowingly, voluntarily, and competently, [2] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [3] when the government breached the plea agreement, or [4] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

<u>United States v. Buissereth</u>, 638 F.3d 114, 118 (2d Cir. 2011) (citation omitted).

None of these circumstances is presented here. The record is clear that: (1) Almonte understood and knowingly agreed to be bound by the waiver of appeal; (2) the district court did not use constitutionally impermissible factors; (3) the government complied with the plea agreement by advocating for the Guidelines range originally agreed upon by the parties; and (4) the district court articulated an appropriate rationale for its sentence and made specific reference to the sentencing factors in 18 U.S.C. § 3553(a) and the government's § 5K1.1 letter.

The record does not support Almonte's contention that the district court focused on the waiver of appeal to the exclusion of appropriate sentencing considerations. Cf. United States v. Woltmann, 610 F.3d 37, 42 (2d Cir. 2010) ("The district court misconstrued the [plea agreement] as an enforceable concession by [the defendant] that any sentence at or below 27 months was appropriate--without regard to any 5K1.1 letter and the § 3553(a) factors."). Nor did the district court defeat the parties' reasonable expectations by declining to adopt the criminal history category and Guidelines range agreed to by the parties. Cf. id. at 40-42. The plea agreement expressly contemplated that the district court could sentence based on a criminal history category and/or a Guidelines range different from those contained in the agreement, and provided that any such deviation would not permit Almonte to withdraw his plea. "A mutual mistake concerning the proper Guidelines range is an insufficient basis to void a plea agreement" if the possibility of such mistake is addressed by the agreement. Riggi, 649 F.3d at 149; see also United States v. Rosen, 409 F.3d 535, 548-49 (2d Cir. 2005). Likewise, a mutual mistake about the Guidelines range does not render unenforceable a waiver of appeal in a plea agreement where, as here, the parties "expressly took into account the possibility that [their] understandings might not prevail," Rosen, 409 F.3d at 548.

Relying on United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995), Almonte argues that he is not bound by the appeal waiver because, after sentencing, the district court stated (erroneously) that he had not waived his right to appeal. Buchanan stands for the rule that "a district court's clear statement that a defendant has the right to appeal renders unenforceable the defendant's prior waiver of this right in a plea agreement." United States v. Arias-Espinosa, 704 F.3d 616, 618 (9th Cir. 2012). This

3

rule was rejected by this Circuit in United States v. Fisher, which held that "an otherwise enforceable waiver of appellate rights is not rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that the defendant may appeal."  232 F.3d 301, 304 (2d Cir. 2000).  The district court's post-sentencing comment did not impair the enforceability of the waiver.

     For the foregoing reasons, and finding no merit in Almonte's other arguments, we hereby **DISMISS** the appeal.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK