22-2715
*United States v. Manson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                            22-2715-cr

ADAM J. MANSON,

> *Defendant-Appellant,*

BRIAN R. CALLAHAN,

> *Defendant.*

_____

For Appellee:                              CHRISTOPHER CAFFARONE, Assistant United States Attorney (David C. James, *on the brief*), on behalf of Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:            ANDREW J. FRISCH, The Law Offices of Andrew J.

Frisch, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Adam J. Manson appeals from the October 13, 2022 judgment of the United States District Court for the Eastern District of New York (Brown, *J.*), following his guilty plea pursuant to a plea agreement to one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. Due in large part to the government's inclusion of a loss enhancement of more than $50,000,000, the estimated Guidelines range included in the plea agreement was sixty months' imprisonment (the statutory maximum). However, at the sentencing, the government advocated for a Guidelines range of zero to six months' imprisonment, reflecting the government's downwardly revised view of the appropriate loss enhancement. Although the district court accepted the government's lower Guidelines calculation, it imposed an upward variance and sentenced Manson principally to twenty-four months of imprisonment. On appeal, Manson contends that the district court's sentence was procedurally unreasonable. For the reasons set forth below, we dismiss the appeal on the ground that Manson waived the right to appeal a sentence to a term of imprisonment of sixty months or less in his plea agreement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

"A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range generally is enforceable." *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999). "While plea agreements are to be applied narrowly and construed strictly against the government,

2

exceptions to the presumption of the enforceability of a waiver occupy a very circumscribed area of our jurisprudence." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam) (internal quotation marks and alterations omitted). Among the potential exceptions we have recognized are when there are "challenges to the process leading to the plea," *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018), "when the government breached the plea agreement," or "when the sentencing court failed to enunciate any rationale for the defendant's sentence," *United States v. Gomez-Perez*, 215 F.3d 315, 3119 (2d Cir. 2000) (internal quotation marks omitted).

Here, the plea agreement states that Manson "agrees not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 60 months (the statutory maximum) or below." App'x 78. The agreement further states that the "waiver is binding without regard to the sentencing analysis used by the Court." *Id.* Manson's sentence to twenty-four months' imprisonment is below that threshold, thus triggering the waiver of the right to appeal. Nevertheless, Manson argues that the waiver is unenforceable, setting out a number of purported grounds—none of which we find persuasive.

First, Manson claims that the district court held that the appeal waiver was unenforceable when, at the conclusion of the sentencing hearing, the court commented that "[s]eeing that Mr. Manson didn't waive, you have a right to appeal your sentence." App'x 264. This argument is without merit. As this Court has explained, "an otherwise enforceable waiver of appellate rights is not rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that the defendant may appeal." *United States v. Fisher*, 232 F.3d 301, 304 (2d Cir. 2000).

Next, Manson argues that the waiver does not extend to an appeal premised on the district court's purported failure to provide advance notice before imposing an upward departure. But even if the district court's variance were properly characterized as a departure, this argument fails

3

as well. Though an appeal waiver does "not relieve the [d]istrict [c]ourt of its responsibility to follow the procedural requirements related to the imposition of a sentence, the appeal waiver does preclude this Court from correcting the errors alleged to have occurred below." *United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011). This includes a district court's alleged failure to provide notice of a departure, which is not the sort of failure that "amount[s] to an abdication of judicial responsibility." *Gomez-Perez*, 215 F.3d at 319 (quoting *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995)). By agreeing to an appeal waiver, Manson waived his right to raise this procedural challenge.

Finally, Manson claims that the plea agreement was "induced by the government's apparent violation of *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] and a gross exaggeration of criminal conduct," thus rendering the waiver of appellate rights unenforceable. Opening Br. at 29. However, as the district court held, *see* App'x 143, Manson has failed to demonstrate that the government withheld exculpatory material, *see Fuentes v. Griffin*, 829 F.3d 233, 242 (2d Cir. 2016) ("To establish a *Brady* violation, a defendant must show that . . . the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature . . . ." (internal citations omitted)). Moreover, while this Court has acknowledged that a waiver may not be enforceable when the government deviates from an initial Guidelines estimate reached "in bad faith," *United States v. Wilson*, 920 F.3d 155, 163 (2d Cir. 2019), Manson has offered no reason to believe that the government's change in view regarding the appropriate loss calculation was anything other than an honest one. Given that the plea agreement expressly reserved the government's right to alter its lost estimation, we cannot conclude under these circumstances that the government's downward adjustment of its Guidelines calculation—an adjustment that favored the defendant— rendered the waiver of the right to appeal unenforceable.

4

Accordingly, Manson has failed to provide a sufficient reason for us "to depart from our general rule that waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 52 (2d Cir. 2017) (internal quotation marks and alteration omitted). We therefore dismiss Manson's challenge to the reasonableness of his sentence.[1]

\* \* \*

We have considered Manson's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **DISMISS** the appeal from the judgment of sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Though the appeal waiver does not extend to an appeal of Manson's term of supervised release, *see United States v. Oladimeji*, 463 F.3d 152, 156–57 (2d Cir. 2006) (holding that appeal waiver does not apply to components of sentence not specifically mentioned), the instant appeal challenges only the twenty-four-month term of imprisonment.