**UNITED STATES of America,**
**Appellee,**

v.

**Alex ROITMAN, aka Alex Novitsky,**
**aka Roytman, Defendant–**
**Appellant.**

**Docket No. 00–1379.**

United States Court of Appeals,
Second Circuit.

Submitted March 19, 2001.

Decided March 28, 2001.

---

Valerie S. Amsterdam, James M. Branden, Amsterdam & Branden, New York, NY, submitted a brief for defendant-appellant.

Loretta E. Lynch, U.S. Atty., Emily Berger, James Miskiewicz, Asst. U.S. Attys., Brooklyn, NY, submitted a brief for appellee.

Before FEINBERG, JON O.
NEWMAN, and SACK, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

In this appeal from a sentence imposed in the District Court for the Eastern District of New York after a plea of guilty to one count of conspiring to import Freon fraudulently, 18 U.S.C. § 545, and in violation of the Clean Air Act, 42 U.S.C. § 7413(c)(1), 18 U.S.C. § 371, the Government contends that the appeal should be dismissed on the ground that the Defendant–Appellant Alex Roitman waived his right to appeal. We agree and dismiss the appeal.

The waiver, set forth in a plea agreement, provided that the Defendant waived his right to appeal if the sentence was "within or below" a range of 12 to 18 months. This was the range for a defendant in Criminal History Category I whose adjusted offense level was 13, which was the level that the Government specified in the plea agreement it anticipated would be applicable under the Sentencing Guidelines. During the colloquy when Roitman entered his guilty plea, *see* Fed.R.Crim.P. 11, the District Judge properly questioned him about his plea agreement, including the waiver of appellate rights, but inadvertently stated that Roitman was agreeing not to appeal if the sentence was "within that 12 to 18 month range," rather than "within or below" the range.

After the Defendant pled guilty, the District Court determined that the appropriate adjusted offense level was 12, which yielded a sentencing range of 10 to 16 months. Roitman received the minimum sentence of 10 months, split equally between imprisonment and home detention. *See* U.S.S.G. § 5C1.1(d)(2). At the conclusion of the sentencing hearing, the Defendant sought bail pending appeal. The Government opposed bail on the ground that the Defendant had waived appellate rights if the sentence was "within or be-

low" 12 to 18 months. In the course of the ensuing colloquy, the Court preliminarily stated, "My understanding was that he could appeal on the [offense level] calculation," but ultimately elected not to decide whether an appeal was available. Instead, the Court simply cautioned the Defendant that if he were entitled to file an appeal, he would have to do so in a timely manner.

■ Even though Roitman received a sentence two months less severe than the sentencing range contemplated by the appellate waiver provision of his plea agreement, he opposes the motion to dismiss on the ground that the District Court's statement at the Rule 11 colloquy effectively limited his written waiver to apply only if the sentence was *within* the 12 to 18 month range. This claim is without merit.

■ Although ambiguities in plea agreements are to be resolved against the Government, *see United States v. Ready*, 82 F.3d 551, 556, 559 (2d Cir.1996), the agreement here was clear that appellate rights were waived if the sentence was "within or below" the anticipated range. The District Court's inadvertent omission of the words "or below" cannot vitiate the waiver, since it would be absurd to think that a defendant willing to waive an appeal if sentenced within the range of 12 to 18 months was not also willing to waive an appeal if sentenced to a lesser term.[1] *Cf. United States v. Westcott*, 159 F.3d 107, 112–13 (2d Cir.1998) (misstatement as to maximum possible sentence harmless in absence of any indication that it had any effect on defendant's decision to plead guilty). Roitman's situation is not at all like that of the defendant in *United States v. Harrison*, 241 F.3d 289 (2d Cir.2001), who was misinformed at the Rule 11 proceeding that he faced a mandatory minimum sentence. Although the sentencing

circumstances faced by that defendant were more favorable than the circumstances explained to him when he pled, we nonetheless permitted him to withdraw his plea because an unusual combination of factors in that case "create[d] a troubling record of confusion." *Id.* at 294. By contrast, the Court's misstatement when Roitman pled was trivial and could not realistically have had any bearing on either his understanding of the appellate waiver or his willingness to plead guilty.

■ Nor does the Court's remark at sentencing as to the possibility of an appeal to challenge the Guidelines calculation vitiate the appellate waiver. Although a judge's remark at sentencing might assist interpretation of an ambiguous appellate waiver, *see United States v. Fisher*, 232 F.3d 301, 305 n. 2 (2d Cir.2000), it does not affect a waiver that is clear and fully enforceable when entered, *see id.* at 304–05.

The appeal is dismissed.

---

[1]. The Government would be well advised to listen carefully to a district judge's statements concerning plea agreements and promptly point out any inadvertent misstatement so that it can be corrected.