**UNITED STATES of America,**
**Appellee,**

v.

**Victor CHEHEBAR, Appellant.**

**No. 03–1478.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2004.

Alan M. Dershowitz, Cambridge, MA, for Appellants.

Emily Berger, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellees.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED on motion of the government and the orders entered herein on July 13, 2004, and July 23, 2004, are VACATED.

Defendant–Appellant Victor Chehebar appeals from the August 7, 2003, judgment

of the United States District Court for the Eastern District of New York, which sentenced him principally to eighteen months imprisonment. Specifically, Chehebar appeals from the district court's denial of his motion for a downward departure based on extraordinary family circumstances.

Chehebar entered into a plea agreement with the government in which he waived the right to appeal if he was sentenced to twenty-seven months or less in prison. The district court thoroughly explored both the voluntariness of the plea and Chehebar's understanding of the waiver before accepting his plea.

Chehebar contends that, at sentencing, the court struck down the appeals waiver provision through remarks indicating that Chehebar retained a right to appeal. We disagree. The court's "remark[s] at sentencing as to the possibility of an appeal to challenge the Guidelines calculation [do not] vitiate" an enforceable appellate waiver in a plea agreement. *United States v. Roitman*, 245 F.3d 124, 126 (2d Cir.2001). In addition, Chehebar argues that the court has the power to alter plea agreements using applicable principles of contract law and should do so here. Our authority to set aside a plea agreement's waiver provision is strictly limited. *See United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir.1995) (holding that a knowing and voluntary waiver bars defendant from arguing that the district court erred in sentencing him as long as the sentence is within the stipulated range). Here, the district court insured that the waiver was voluntary and the sentence was imposed within the stipulated range. Therefore, we will not set aside the waiver.

We therefore dismiss the appeal. Previously we had issued two orders, one entered on July 13, 2004, directing that the parties brief the applicability of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and one entered July 23, 2004, suspending briefing. Shortly thereafter, we held that *Blakely* has no application to the Guidelines "[u]nless and until the Supreme Court rules otherwise." *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir.2004). This holding moots the two prior orders, which we therefore vacate.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.) (accepting certiorari), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.) (accepting certiorari). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.