**UNITED STATES of America,**
**Appellee,**

v.

**David SCHICK, Defendant–Appellant.**

**Nos. 04–4762–cr(L), 05–3778–cr(con).**

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

Peter A. Norling, Assistant United States Attorney, (David C. James, Assistant United States Attorney, of counsel), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Richard A. Greenberg, (Steven Y. Yurowitz, on the brief), Newman & Green-

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant David Schick appeals from a judgment of conviction and sentence entered on August 20, 2004, following a plea of guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344. He was sentenced to 70 months' imprisonment for the bank fraud, followed by a consecutive period of 27 months' imprisonment, under 18 U.S.C. § 3147 and United States Sentencing Guideline Section 2J1.7, for the commission of an offense while on release. Schick also appeals from an order of the district court, entered June 23, 2005, denying a motion for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

On appeal, Schick argues that because he was unaware of his rights under *Booker* at the time of his plea, but preserved his constitutional claim before the district court, he should be granted resentencing pursuant to this Court's decision in *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005). He claims that his lack of knowledge vitiates his appeal waiver, which otherwise would preclude him from challenging any sentence below 135 months. This argument is unavailing.

In *United States v. Roque*, 421 F.3d 118 (2d Cir.2005), we held that an "otherwise valid plea agreement and waiver of right to appeal sentence, entered into before January 12, 2005, is enforceable even if the parties, at the time they entered into the agreement, erroneously believed that the United States Sentencing Guidelines were

mandatory rather than advisory." *Id.* at 124; *see also United States v. Haynes*, 412 F.3d 37, 39 (2d Cir.2005) (noting that, even in situations in which the defendant preserved an objection to the constitutionality of the guidelines, the possibility of a favorable change in the law is one of the risks that accompanies plea bargains).

Schick, attempting to distinguish *Roque*, argues that the defendant Roque did not move to withdraw his guilty plea, whereas Schick preserved his objection to the Guidelines and indicated that he was willing to withdraw his plea. We have held, however, that even actual motions to withdraw, in themselves, do not suffice to invalidate an appeal waiver. *See United States v. Oladimeji*, 463 F.3d 152, 156 (2d Cir.2006) ("Unless he shows that provision should be invalidated, he is bound by it, regardless of whether he later tried to withdraw from the bargain."). Schick also encourages us to review our holding in *Roque*, in light of the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). We decline to do so; *Roque* was decided after *Halbert*.

Schick claims that the district court, in comments at sentencing, "promised" to resentence him if conditions changed. Even accepting *arguendo* this interpretation of the district court's comments, we find ample evidence on the record before us to conclude that the waiver was valid when entered. *See United States v. Roitman*, 245 F.3d 124, 126 (2d Cir.2001) ("Although a judge's remark at sentencing might assist interpretation of an ambiguous appellate waiver, it does not affect a waiver that is clear and fully enforceable when entered." (citations omitted)).

Schick next appeals the imposition of a consecutive 27–month term under 18 U.S.C. § 3147. Though he attempts to categorize it otherwise, this claim is a chal-

lenge to Schick's sentence. As such, it is foreclosed by his valid appeal waiver.

Schick's final claim on appeal is that his criminal history category is properly calculated as Category I, rather than Category II, and that the district court erred in coercing him to abandon this argument at sentencing. The government does not rely on Schick's appeal waiver in its response to this claim. It concedes that its own assertions on the subject at sentencing may have been misleading and may have contributed to the district court's failure to consider Schick's argument. Without deciding the question of whether the waiver is effective in this situation, we turn to the merits.

Prior to the sentencing proceedings in the case before us, Schick was sentenced to 12 months' imprisonment for wire fraud. He argues that as he had not *served* any of the previously imposed sentence, he should not receive any criminal history points for a "prior sentence of imprisonment," under United States Sentencing Guideline Section 4A1.2. Schick relies on Application Note 2 to Section 4A1.2, which indicates that "a defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time)," in order for the sentence to qualify as a "sentence of imprisonment." The government suggests that this Application Note is better read as drawing a distinction between those defendants who receive suspended sentences and those who are sentenced to prison.

█ We do not need to decide this issue as we find that, in relation to the commission of the wire fraud, Schick was imprisoned for one day on May 22, 1996, and has received one day's credit for time served. As a time-served sentence is clearly a "term of imprisonment" under Section 4A1.2, *see United States v. D'Oliveira*, 402 F.3d 130, 132 (2d Cir.2005), Schick was properly placed in Criminal History Cate-

gory II, and we deny his request for resentencing.

We have considered all of Schick's claims and find them to be without merit. The judgment of the district court is therefore AFFIRMED.