**UNITED STATES of America,**
**Appellee,**

v.

**Kelvin CASTILLO, Defendant–**
**Appellant.**

No. 07–3641–cr.

United States Court of Appeals,
Second Circuit.

Dec. 29, 2008.

Justin D. Lerer, Assistant United States Attorney (Benton J. Campbell, United States Attorney, Eastern District of New York, on the brief, Taryn A. Merkl, of counsel), Brooklyn, N.Y. for Appellee

Joseph W. Martini (James I. Glasser, on the brief), Wiggin & Dana LLP, New Haven, C.T.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Kelvin Castillo appeals from the district court's August 22, 2007 judgment of conviction, following his plea of guilty, to one count of illegally reentering the United States after being deported following his conviction of an aggravated felony in violation of 8 U.S.C. § 1326, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. He was sentenced principally to 76 months' imprisonment. The issues on this appeal are (1) whether a provision of the plea agreement in which Castillo agreed to waive appellate challenge to any sentence of 87 months or less is enforceable, and (2) whether the District Court abused its discretion by upwardly departing from the applicable range under the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[A] waiver of the right to appeal should only be enforced by an appellate court if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996). Castillo contends that his waiver was not entered into knowingly and voluntarily because the plea agreement overstated the applicable Guidelines range.

The government does not dispute that the estimated Guidelines range in the plea agreement of 70 to 81 months was in error, and the correct range was 54 to 61 months.[1] The erroneous calculation was the basis for Castillo's agreement to waive his appellate rights with respect to any sentence below 87 months.

However, the error as to the correct Guidelines range does not amount to a claim that Castillo's agreement to the appellate waiver was not voluntary or knowing, because it does not amount to a claim that Castillo did not "fully underst[and] the potential consequences of his waiver." *Ready*, 82 F.3d at 557; *see also United States v. Roque*, 421 F.3d 118, 123 (2d Cir.2005) (issue of whether plea was void for mutual mistake regarding sentencing laws was "simply not relevant" to whether plea was enforceable).

In *United States v. Rosen*, this Court held that a mutual mistake as to the correct Guidelines range did not render a plea agreement void or voidable. 409 F.3d 535, 548 (2d Cir.2005). In *Rosen*, the defendant agreed to a plea bargain based on the 2003 Guidelines, but the court's sentence was based on the 1995 Guidelines, because application of the 2003 Guidelines would have caused an ex post facto problem. *Id.* at 542. We affirmed the district court's denial of Rosen's motion to withdraw his plea, citing provisions of the plea agree-

---

1. These ranges take account of a reduction based on Castillo's agreement to plead guilty by a certain date. Had Castillo not pleaded guilty by that date, under the plea agreement, the estimated Guidelines range would have been 75 to 87 months.

ment, substantially identical to those here, providing that the waiver was binding without regard to the sentencing calculation actually applied by the court. *Id.* at 548. As in *Rosen*, the district court here put Castillo on notice that the Guidelines calculations underlying his plea agreement were only "an estimate, and an estimate can be wrong." "An agreement that has made such express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations is not a proper candidate for rescission on the ground of mutual mistake when that possibility has come to fruition." *Id.* at 548–49.

Castillo also argues that this Court should not enforce the appellate wavier because the district court's plea colloquy was inadequate. An appellate waiver will not be found to be a knowing one if the district court does not describe it accurately. *Ready,* 82 F.3d at 557–58. The district court's advice to Castillo on the appellate waiver was as follows:

> Now, if you decide to go to trial, Mr. Castillo, and a jury found you guilty, you could appeal both the verdict and the sentence. By pleading guilty and by entering into this plea agreement, you will have waived or given up your right to an appeal or collaterally attack either all or part of the sentence that I will impose. Do you understand that?

Castillo argues that the district court's statement was insufficient because it conflated distinct appellate rights following trial and following a plea of guilty with waiver of appellate rights. Although the district court's statement was no model of clarity, it did convey the point that, by "pleading guilty and by entering into this plea agreement," Castillo gave up his "right to an appeal."

Castillo also argues that the plea colloquy was deficient because the district court failed to specifically inform him that the waiver would apply to any sentence of 87 months or less. Rule 11(b)(1)(N) requires that the Court "inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed.R.Crim.P. 11(b)(1)(N). Rule 11(h) provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed.R.Crim.P. 11(h).

By advising Castillo that he could not appeal "either all or part of the sentence," rather than advising Castillo that he had the right to appeal a sentence of more than 87 months, the district court overstated the scope of the appellate waiver. This overstatement cannot vitiate the waiver, because it could not have misled Castillo to believe he had any right to appeal that he did not. *See United States v. Roitman,* 245 F.3d 124, 126 (2d Cir.2001).

Castillo argues that the plea colloquy was deficient because the district court failed to advise Castillo that the sentences on the two counts were to run concurrently. However, a district court's failure to so advise does not render a guilty plea invalid. *United States v. Vermeulen,* 436 F.2d 72, 75 (2d Cir.1970).

Moreover, nothing in the record suggests that Castillo did not understand the terms of the appellate waiver provision. The district court confirmed, as a general matter, that Castillo had read and understood the agreement, and had reviewed it with counsel. The specific terms of the appellate waiver were made clear to Castillo at the sentencing stage, and Castillo did not object or attempt to withdraw his guilty plea.

Castillo also contends that the district court's August 22, 2007 judgment and commitment order is deficient. Although the

district court orally explained the reasons for its sentence, the statement of reasons in the judgment and commitment order does not provide an explanation for the court's basis for departure from the applicable Guidelines range, as required by 18 U.S.C. § 3553(c)(2). In addition, it erroneously states that the sentence was within a Guidelines range that was not greater than 24 months and that the district court found no reason to depart. Finally, the statement of reasons incorrectly noted that no count of conviction carried a mandatory minimum sentence. The government concedes these clerical errors and consents to a limited remand. Therefore, we remand for the limited purpose of allowing the district court to make ministerial corrections to the order.

Because we conclude that the appellate waiver is enforceable, we need not address Castillo's remaining arguments on appeal. Accordingly, the judgment of the district court hereby is AFFIRMED. We REMAND for the district court to make corrections to the judgment and commitment order, consistent with this opinion.