09-3308-cr
USA v. Nelson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand eleven.

Present:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges*,
> BRIAN M. COGAN,[*]
> > *District Judge*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                            No. 09-3308-cr

JAMES NELSON,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | James M. Branden, Law Office of James M. Branden, New York, N.Y. |
| For Appellee: | Christopher M. Mattei, Assistant United States |

_____

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

Attorney (Robert M. Spector, Assistant United States Attorney, *of counsel*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Droney, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant James Nelson appeals from a July 14, 2009 judgment of conviction entered by the United States District Court for the District of Connecticut (Droney, *J.*). On September 26, 2008, Nelson pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The plea agreement contained an appeal waiver provision that, in pertinent part, precludes Nelson from "appeal[ing] or collaterally attack[ing] in any proceeding . . . the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 137 months' incarceration." App. 16. On July 7, 2009, the district court sentenced Nelson to 110 months of imprisonment, four years of supervised release, and a $100 mandatory special assessment. Nelson appeals from that judgment, principally contending that the term of imprisonment imposed is substantively unreasonable. We presume the parties' familiarity with the facts and procedural history of this case.

On numerous occasions, this court has upheld the validity of appeal waivers, "with the obvious caveat that such waivers must always be knowingly, voluntarily, and competently provided by the defendant." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000); *see also United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) ("Waivers of the right to appeal

2

a sentence are presumptively enforceable.").  For the following reasons, we conclude that Nelson has waived his right to appeal the term of imprisonment that the district court imposed.

Nelson contends that the waiver he signed does not foreclose his sentencing challenge because the waiver applies to preclude only an appeal of a "sentence" of 137 months or less, while his "sentence" included not only a 110-month term of imprisonment, but also a four-year term of release and a $100 special assessment.  "We interpret plea agreements de novo in accordance with principles of contract law, looking to the parties' reasonable understanding of the agreement's terms and resolving any ambiguities in the defendant's favor."  *United States v. Stearns*, 479 F.3d 175, 178 (2d Cir. 2007) (per curiam).  Here, it is plain from the language of the waiver, which was reviewed with Nelson in open court, that the 137-month threshold pertains only to the incarcerative portion of Nelson's sentence:  he cannot appeal his "sentence *of imprisonment* imposed by the Court if that sentence does not exceed 137 months' incarceration*."  App. 16 (emphasis added).  Thus, while this waiver would not limit Nelson's right to appeal from the supervised release and special assessment components of his sentence, *see United States v. Oladimeji*, 463 F.3d 152, 156-57 (2d Cir. 2006); *United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002), the instant appeal challenges only the 110-month term of imprisonment, and thus cannot proceed under the terms of the waiver.

Nelson asserts no other challenge to the validity of his waiver.  We note, however, that a motions panel denied the government's previous motion to dismiss the appeal, concluding that there exists a non-frivolous issue as to whether Nelson fully understood the consequences of this waiver.  *See Gomez-Perez*, 215 F.3d at 319.  As the government identifies in its brief, the transcript of Nelson's plea hearing indicates that the district court at one point mischaracterized

the waiver as barring him from appealing "the sentence of incarceration by the Court that *exceeds* 137 months['] incarceration," App. 45 (emphasis added), when the waiver in fact applies to sentences that do *not* exceed 137 months' incarceration.[1]

After careful review of the record, however, we decline to invalidate the waiver on this ground. At a prior point in the plea hearing, the Assistant United States Attorney correctly restated this provision as meaning that Nelson "will not appeal his sentence so long as it does not exceed 137 months." App. 39. And immediately after making the apparent misstatement, the district court accurately described a parallel provision of the appeal waiver, which would have applied if Nelson had not later decided to object to his classification as a career offender, as barring any appeal of a sentence "that *does not exceed* 235 months['] incarceration." *Id.* at 46 (emphasis added). The written agreement itself makes clear that the appeal waiver applies only to sentences of imprisonment at or below the stated term of months. In these circumstances, we detect no meaningful risk that Nelson elected to enter into the plea agreement on the mistaken understanding that it precluded his ability to appeal a sentence in excess of, but not at or below, 137 months of imprisonment. *See United States v. Roitman*, 245 F.3d 124, 126 (2d Cir. 2001) ("The District Court's inadvertent omission of the words 'or below' [in describing a provision of a plea agreement waiving the defendant's right to appeal a sentence 'within or below' the range of 12 to 18 months' imprisonment] cannot vitiate the waiver, since it would be absurd to think that a defendant willing to waive an appeal if sentenced within the range of 12 to 18 months was

_____

[1] At another point during this hearing, Nelson's prior counsel described the appeal waiver as "for any sentence that is 137 or more, over 137 months." App. 43. This comment also could be interpreted as suggesting that the waiver applies to bar appeals of sentences of imprisonment at or above, rather than below, 137 months.

not also willing to waive an appeal if sentenced to a lesser term.").

We have considered Nelson's remaining arguments, including those set forth in his *pro se* supplemental brief, and find them to be without merit.[2]  Accordingly, for the foregoing reasons, the appeal is hereby **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] In his *pro se* supplemental brief, Nelson challenges the validity of his guilty plea in light of the enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372, which reduced sentences for certain offenses involving crack cocaine.  However, "because the FSA took effect . . . after [Nelson] committed his crimes," the Act has no retroactive effect on Nelson's conviction.  *United States v. Acoff*, — F.3d —, 2011 WL 447043, at *1 (2d Cir. Feb. 10, 2011) (per curiam) (omission in original) (internal quotation mark omitted).