12-746-cr
United States v. Diaz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st day of May, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          -v-                                        12-746-cr

CESAR DIAZ, AKA ARAMBALES DIAZ,

                    *Defendant-Appellant*.
_____

Appearing for Appellant:     STEPHEN N. PREZIOSI, New York, NY.

Appearing for Appellee:      LARA TREINIS GATZ, Assistant United States Attorney, (Jo Ann M. Navickas, Assistant United States Attorney of Counsel, Loretta E. Lynch, United States Attorney, *on the brief*), Eastern District of New York, Brooklyn, NY.


Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Cesar Diaz ("Diaz") appeals from the district court's judgment of conviction entered on February 16, 2012, which sentenced him to 228 months' (19 years') imprisonment. Diaz pled guilty to one count of Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a) ("Count 1") and one count of brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Diaz's arguments on appeal relate to his sentence. Count 1 carried no minimum term and a maximum term of 20 years imprisonment, 18 U.S.C. § 1951(a), while Count 2 had a minimum term of seven years and a maximum term of life imprisonment, required to be served *consecutive* to Count 1's sentence. *See* 18 U.S.C. §§ 924(c)(1)(A)(ii), (D)(ii). A probation officer prepared a presentence investigation report ("PSR") that determined, with respect to Count 1, that Diaz had a Total Offense Level of 30 and a Criminal History Category of III, for a Guidelines range between 121 to 151 months' imprisonment. *See* U.S.S.G. § 5A. With respect to Count 2, the PSR Guideline sentence was the minimum term of imprisonment, seven years or 84 months, U.S,S.G. § 2K2.4(b), for a total Guidelines range between 205 and 235 months. In a December 29, 2011 sentencing hearing, the district court adopted the PSR and sentenced Diaz to 228 months' imprisonment.

On appeal, Diaz first argues that the sentence was contrary to his reasonable understanding of his plea agreement. "We review interpretations of plea agreements *de novo* and in accordance with principles of contract law." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002). However, where, as here, the defendant has failed to raise his objection to the plea agreement before the district court, we review for plain error, *Puckett v. United States*, 556 U.S. 129, 135 (2009), which looks to whether there was "(1) error, (2) that is plain, and (3) that affects substantial rights" and "(4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (internal quotation marks and alterations omitted).

We find Diaz's argument to be without merit. Diaz claims that he reasonably understood the plea agreement to offer a maximum sentence of 13 years or 156 months. We must acknowledge, as the Government concedes, that, at a March 11, 2011 status conference, after being advised of the approximately 40-year statutory maximum period of imprisonment for all the counts of the indictment, the Government stated that the upper bound of the advisory Guidelines range would be 13 years if the defendant accepted the Government's plea offer, and the court confirmed the top of the Guidelines range was 13 years. However, the subsequent plea agreement that was entered into at the time of the guilty plea on March 14, 2011 clearly stated (i) the minimum and maximum terms for each of the two counts Diaz intended to admit, (ii) that the Count 2 sentence must be consecutive to Count 1, and (iii) that its Guidelines range estimate (of "147 to 162 months assuming he falls within criminal history category I") did not bind the district court. Furthermore, when Diaz pled guilty, he acknowledged both that he understood the plea agreement and that he had not been promised any specific sentence. It was not reasonable, under these circumstances, for Diaz to believe he was offered a maximum 156-month sentence. "Although a judge's remark at sentencing might assist interpretation of an ambiguous [provision

2

in a plea agreement], it does not affect a [provision] that is clear and fully enforceable when entered." *United States v. Roitman*, 245 F.3d 124, 126 (2d Cir. 2001) (internal citations omitted). Accordingly, Diaz has failed to satisfy plain-error review.

Diaz also makes several arguments relating to the sentence imposed by the district court. "We review a district court's sentencing decision for procedural and substantive reasonableness." *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). "A district court commits procedural error where it makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* "We review errors not raised in the district court under the plain error standard" but "have also held that the plain error doctrine should not be applied stringently in the sentencing context, where the cost of correcting an unpreserved error is not as great as in the trial context." *Id.* (internal quotation marks omitted).

First, Diaz argues that the district court erred because the PSR's Guidelines calculation improperly applied a two-point enhancement applicable to any robbery offense "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(B). We review for procedural reasonableness but find that the district court did not commit procedural error. Diaz argues that, as a non-present co-conspirator, he could not reasonably foresee the use of physical restraint, but we cannot agree that physical restraint is not a foreseeable conduct in a robbery. S*ee United States v. Molina*, 106 F.3d 1118, 1121-22 (2d Cir. 1997) (discussing when a robbery co-conspirator's conduct is reasonably foreseeable). Diaz also argues that the conduct in question, forcing victims into a room at gunpoint and then locking the rooms, does not constitute physical restraint. This argument fails because the Guidelines define "physical restraint" as "the forcible restraint of the victim such as by being tied, bound, or *locked up*." U.S.S.G. § 1B1.1 n.1(K) (emphasis added).

Next, Diaz argues that the district court erred by failing to make a downward departure in Criminal History Category from III to II. We review for plain error. While a district court may make a downward departure, *see* U.S.S.G. § 4A1.3(b)(1), Diaz has failed to point to anything compelling it to do so. Accordingly, Diaz has failed to show error.

Finally, Diaz argues that the district court imposed a sentence disproportionate to the sentences received by his co-defendants. Reviewing for plain error, we find that the district court did not err in giving Diaz a higher sentence than his co-defendants due to his leadership role.

We have considered all of Diaz's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3