12-1822-cr
United States v. Miri

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT: CHESTER J. STRAUB,
PETER W. HALL,
DENNY CHIN,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

Appellee,

-v-                                          12-1822-cr

VICTOR MIRI,

Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                 Jason Cowley, Assistant United
States Attorney, for Preet
Bharara, United States Attorney
for the Southern District of New
York, New York, New York.

FOR DEFENDANT-APPELLANT:         Robert J. Boyle, Law Office of
                                 Robert J. Boyle, New York, New
                                 York.

Appeal from the United States District Court for the Southern District of New York (McMahon, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** or, alternatively, the judgment is **AFFIRMED**.

Defendant-appellant Victor Miri pled guilty, pursuant to a plea agreement, to possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The plea agreement included a waiver of his right to appeal or otherwise challenge "any sentence within or below . . . 87 to 108 months' imprisonment." The district court (McMahon, J.) principally sentenced Miri to 108 months' imprisonment. Miri appeals, challenging the substantive reasonableness of his sentence.

As a preliminary matter, we conclude that Miri's appellate waiver is enforceable. Miri asserts that we should not enforce the appellate waiver in the plea agreement because the magistrate court (Gorenstein, M.J.) wrongly informed him during the plea allocution that "if you get a sentence of 87 months or less you are giving up your right to challenge that sentence." Plea Tr. 9:25-10:2 (Sept. 6, 2011) (emphasis added).

Hence, although Miri received a sentence covered by the appellate waiver in the plea agreement, he asserts that the magistrate court's misinformation rendered that waiver unknowing and involuntary.

It is apparent that the magistrate judge misspoke when he informed Miri of the terms of his appellate waiver.[1] See Fed. R. Crim. P. 11(b)(1)(N) (requiring court to inform defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence"). Nevertheless, "it is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) (omission and quotation marks omitted). Furthermore, "a judge's remark at sentencing . . . does not affect a waiver that is clear and fully enforceable when entered." United States v. Roitman, 245 F.3d 124, 126 (2d Cir. 2001).

We have before us several indicia of the knowing and voluntary nature of Miri's waiver: (1) his signature on the written plea agreement; (2) his statements at the plea allocution; (3) a letter to the district court from the

---

[1] The district court, moreover, may have compounded the confusion by initially indicating during a hearing that it would adhere to the appellate waiver as stated on the record by the magistrate court.

-3-

government after the error was made, which confirmed that Miri and his lawyer "understand and agree to the appellate waiver as described in the plea agreement" and would so clarify on the record; and (4) Miri's statements at sentencing. Moreover, when the error was discussed before the district court, Miri never sought to withdraw his plea or otherwise challenged the extent of the appellate waiver as described in the plea agreement.

Based on the foregoing, notwithstanding the magistrate court's erroneous description of the appellate waiver, Miri understood that the plea agreement waived his right to appeal a sentence of 108 months' imprisonment or less. See id. (Rule 11 error did not undermine clear waiver where error did not affect defendant's understanding of waiver). Thus, reviewing the record as a whole, we conclude that Miri's knowing and voluntary waiver is enforceable and that we lack jurisdiction to hear this appeal. See United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010); see also United States v. Dominguez Benitez, 542 U.S. 74, 80 (2004) (courts "must look to the entire record" to assess effect of Rule 11 error).

Even if, however, we were to reach the merits of Miri's appeal, his arguments challenging the substantive reasonableness of his sentence would fail. We review the length of a sentence for reasonableness, United States v. Chu, 714 F.3d

742, 746 (2d Cir. 2013) (per curiam), "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Miri was sentenced on a single count of felony possession but, as the district court described, the offense involved possession of "1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 firearms and more than 5,000 rounds of ammunition of various makes and calibers." Sentencing Tr. 8:5-6 (Mar. 29, 2012). Moreover, the district court was openly -- and understandably -- skeptical of Miri's claim that he was merely a collector of guns, particularly as guns were found hidden underneath the mattress of his bed, in a bedroom closet, and in a kitchen drawer; five of the guns were found loaded; and the police also recovered fake silencers and night vision goggles from his home.

While acknowledging certain mitigating circumstances, the district court then found the 108-month sentence would appropriately "punish this case, this conduct, your conduct." Upon reviewing the record, even assuming Miri did not waive his right to appeal, we conclude that the sentence imposed was not "shockingly high . . . or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

-5-

We have considered Miri's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **DISMISS** the appeal or, alternatively, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk